ALBANY,<br>Oct. 1828.<br><br>Miller<br>v.<br>Holbrook.

Motion granted.

---

### MILLER and others *vs.* HOLBROOK.

MOTION for judgment for *frivolousness* of bill of exceptions. The declaration was in assumpsit on a promissory note for $1093, and also contained a count for goods sold and delivered. Plea, the general issue. On the trial of the cause, after proof of the making of the note, the defendant offered to shew that previous to the note becoming due, it was agreed by the plaintiffs to extend the time of payment of the monies due them, in consideration of the defendant agreeing to pay $200 when the note should fall due, and giving his notes for the balance; that the defendant, when the note did become due, did pay to the plaintiffs the sum of $200, and offered his notes for the balance, pursuant to the agreement; that the plaintiffs took the money, but refused to accept the new notes; that the defendant then required of the plaintiffs to return the money, which they refused to do, and commenced this suit. The circuit judge (the Hon. Ogden Edwards) ruled that the evidence offered, did not amount to a defence; and if it did, the party could not avail himself of it under the state of pleadings in this cause.

A promise to extend the time of payment of a note made subsequent to its creation may be set up by way of defence; but not unless founded upon a good and sufficient consideration. The promise of a maker to pay part of a note when due, and payment in pursuance thereof, is not such sufficient consideration.

*Ketchum* and *Fessenden,* for plaintiffs. The agreement to extend the time of payment, was a *nudum pactum.* It was not signed by the parties. The $200 was paid in part satisfaction of the note, and was not the basis of a new contract.

*W. Mulock,* for defendant. A parol promise to extend the time of performance of a contract or the payment of a

ALBANY,
Oct. 1828.

The People
v.
Corporation of
Brooklyn.

note, is good. (*Keating* v. *Price*, 1 *Johns. C.* 22.) This principle is recognized in 7 *Cowen*, 234. A promise contemporaneous with the making of the note, will not be regarded ; but if made *subsequent*, upon sufficient consideration, will be enforced. (*Hoar* v. *Graham*, 3 *Campb.* 57.) The consideration in this case was sufficient.

*By the Court*, Sutherland, J. The bill of exceptions is frivolous, and the plaintiffs are entitled to judgment. In *Keating* and *Price*, the defendant was allowed to avail himself of an agreement, such as is set up here ; but it is to be presumed, that in that case it appeared that the promise to enlarge the time of performance, was founded on a good and sufficient consideration. None such existed in this case. The only consideration was the promise of the defendant to pay a portion of a greater sum when it should fall due, when already, he was under a legal obligation to pay the whole.