Welles, J.
 

 According to the plaintiff’s showing, he nad a good legal defence to the suit brought against him by the defendants, for their advance to him on the
 
 *355
 
 claim against Sammis, of which he neglected to avail himself. The suit was prosecuted to judgment, and the defendants recovered the amount of their advance, with interest, and the one per cent, which, by the contract, they were to receive as commissions. By the judgment, it is established, that it was legal and proper, that the plaintiff should pay the defendants the amount of their advance, with the interest and commissions, which is utterly inconsistent with the plaintiff’s claim to recover it back. No averment is to be admitted to contradict a judgment, or to dispute any legitimate inference deducible therefrom; the maxim is, “
 
 interesse reipublicse ut sit finis litium.”
 
 To sustain this action, to recover back the advance, would be to open the judgment and inquire into its propriety and legality; that cannot be done collaterally. If it was right, under the contract between the parties, that the plaintiff should pay back to the defendants the money recovered by the judgment in their favor, it was, because they had performed all the stipulations of the agreement on their part, and had failed to collect the amount of the claim against Sammis. That is one of the things established by the judgment, and the plaintiff is not now to be allowed to deny it.
 

 The plaintiff seeks to avoid these consequences of the judgment, by alleging fraudulent concealments and misrepresentations of facts by the defendants, which induced him to omit defending the suit, and to let judgment pass against him by default; that, however, is not a legal answer to the difficulty. It, probably, would entitle him to recover, provided the payment had been voluntary and induced by fraudulent concealment and misrepresentation, But no case has gone the length of deciding, that after the proceeding has advanced to the maturity of a ^judgment, and the judgment collected by „ ^ execution, it may be recovered back.
 

 It is true, the action is case, for the unfaithfulness and
 
 *356
 
 fraudulent conduct of the defendants, as the plaintiff’s agent, and not
 
 assumpsit
 
 for money had and received; but it is not perceived, how the form of the action can change the legal principle. If the plaintiff had not been called upon for the money by action or otherwise, and had not paid it, clearly, he would have no ground of complaint against the defendants, for doing what the declaration alleges they have done, and it is impossible to see how he could properly be called upon to pay, if the defendants are liable upon the case made by the declaration. If the facts as alleged in the declaration are all true, the case is, undoubtedly, a hard one for the plaintiff, but that is no reason why a well-settled rule of law should be violated.
 

 The demurrer admits none of the facts alleged but such as are well pleaded; and if nothing can be alleged to impeach a regular judgment, as is undeniable, all the allegations of the declaration tending to that result must be rejected. See the case of
 
 Marriott
 
 v.
 
 Hampton
 
 (2 Smith Leading Cases 237), and the notes to that case; also, same case, 7 T. R. 269.
 

 After abstracting from the case all which the judgment disposes of, there is still in substance the following, to wit, that
 
 after the plaintiff had paid the judgment,
 
 he called on the defendants and inquired of them whether there was any legal impediment to his prosecuting Sammis for the price of the cattle sold, and whether any note had been taken from him for the same, and that the defendants thereupon, falsely, and with intent to injure the plaintiff, represented to him that no note had been taken, &c., whereby the plaintiff was subjected to a much larger bill of costs and other expenses in the pro ■ secution which he afterwards instituted, than he would otherwise have had to pay.
 

 Fraud and deceit in the defendant, and damage to the plaintiff, are a sufficient foundation for the action of trespass on the case, though no benefit accrue to the defendant. The action will lie, whenever there has been the assertion of a falsehood, with a fraudulent design, as to a fact, when a direct and positive injury *arises from such assertion. (1 Bac. Abr., Action on the Case, F., p. 125, ed. of 1842;
 
 Benton
 
 v.
 
 Pratt,
 
 2 Wend. 385.) Here, was the assertion, by the defendants, of a falsehood, with a fraudulent intent to injure and deceive the plaintiff, by which he was induced to bring the action against Sammis on the account, as for goods sold, generally, and which induced the defendant Sammis to interpose a defence, thereby increasing the cost and expense of obtaining the judgment from $12 to $200. The law would be exceedingly lame, ana be quite undeserving of the high encomiums which have been bestowed upon it, if it failed to afford a remedy foi a malicious injury of this description. •
 

 For these reasons, the judgment of the court below should be reversed, and judgment should be given for the plaintiff on the demurrer in that court.
 

 Judgment reversed, and judgment for the plaintiff on the demurrer.