KELLOGG *vs.* J. R. OLMSTED and C. L. OLMSTED.

In a case simply between debtor and creditor, the debt being undisputed and
due, and drawing interest, no valid agreement can be made, by parol, to
postpone to a future day the payment of the debt. Yet it may be post-
poned by a new written contract.

A parol agreement between the payee of a promissory note and the makers,
after the same becomes due, that in consideration that the makers will keep
the principal sum specified in the note, until a future day mentioned, and
pay the same with interest on that day, the payee will extend the time of
payment of the principal until the day mentioned, is not valid, either upon
the.principles applicable to cases of forbearance to sue, or on the ground of
accord and satisfaction.

APPEAL by the defendant, from a judgment entered upon
the decision and report of a referee. The action was upon
a promissory note made by the defendants and one J. J. Mc-
Pherson, by which they promised, one year from date, to pay
Geo. R. D. Colvil or bearer $600 with interest semi-annually.
The note was dated Oct. 1855. It was transferred to the plain-
tiff after it was due. The semi-annual interest had been paid.
This action was commenced Oct. 30, 1856. McPherson died
after action commenced. He and Charles L. Olmsted signed
the note, each as *surety*.

The defense set up in the answer was that on the 8th day
of Oct. 1856, after the note became due and while Colvil, the
payee, was the owner of the note, it was agreed between Col-
vil and the defendant John R. Olmsted, on behalf of the de-
fendants, that in consideration that the defendants would keep
the principal sum of the said note until the first day of April,
1857, and pay the same with interest on that day, he, Colvil,
would extend the time of payment of the principal of the note
until the 1st day of April, 1857; that the defendants assented
to said proposition, and agreed to and with Colvil to keep the
principal of the note until the 1st day of April, 1857, and to
pay the same, with interest, on that day. Averment that the
plaintiff had full knowledge of this agreement, and took the
note subject to it. The defendants offered to prove the de-

fense set forth in the answer, and the referee, upon objection, excluded the evidence, and the defendants excepted. Judgment was perfected, and the defendants appealed to the general term.

*Bartow & Olmsted,* for the appellants, cited 1 *Parsons on Cont.* 373, 4, 5 ; 2 *Kent's Com.* 585 ; *Trustees of Hamilton College* v. *Stewart,* 1 *Comst.* 581 ; *Comyn on Cont.* 27.

*C. Danforth,* for the plaintiff, cited *Miller* v. *Holbrook,* 1 *Wend.* 317 ; *Gibson* v. *Renne,* 19 *Wend.* 389 ; 1 *Chit. on Cont.* 33.

*By the Court,* MARVIN, J. The defendants' counsel claim that there was an agreement by which the defendants agreed to keep the principal of the note until the first day of April following, and to pay interest therefor. And they argue that such an agreement is valid, and founded upon a good consideration ; that the defendants could not have tendered the money, or paid the debt, until the day named should arrive. In other words, that the payee of the note would be under no legal obligation to accept payment until the day named should arrive ; and that this constituted a good consideration for the promise of the payee, Colvil, "to extend the time of payment of the principal of said note."

If this position is sound it must rest, I think, upon the principle applicable to accord and satisfaction. It cannot rest upon principles applicable to forbearance of payment. It is well settled that an agreement to postpone the day of payment of a part of a debt due, in consideration of the debtor's presently paying a portion of the debt, is not valid, and upon the ground that there is no consideration for such agreement. (*Miller* v. *Holbrook,* 1 *Wend.* 317. *Gibson* v. *Renne,* 19 *id.* 389.)

I am not aware that it has ever been suggested, before this case, that if the debtor promises to *retain* the money, and pay

interest, this will constitute a good consideration for the promise to postpone the day of payment; and yet, in most of the cases, the debt postponed would be on interest. If the creditor indulges his debtor, without any agreement, and the debtor neglects to pay the note, the principal will continue to earn interest. The creditor will be in no better condition by making an agreement to forbear payment, than he would be without such an agreement, unless it be an object to him to continue the debt on interest and to compel the debtor to keep the money. In my opinion such an agreement would not be valid upon the principles applicable to forbearance to sue. The creditor is to derive no benefit beyond that which he would derive by simply neglecting to collect the debt; the debtor also neglecting to pay. He gets no additional security. His debt is not disputed. It is confessed; and there is nothing to compromise.

In my opinion, in a case simply between the debtor and creditor, the debt being undisputed and due, and drawing interest, no valid agreement can be made, by parol, to postpone to a future day the payment of the debt. The debtor's promising to pay interest will be no more than the law will compel him to do, without the promise. If he agrees to pay more than the interest, for the forbearance of the debt, the agreement will be void for usury. (*Crane* v. *Hubbell*, 7 *Paige*, 413. 1 *Com.* 274.) The parties may postpone the time of payment by making a new written contract. The note past due may be taken up, and another note given, payable at a future day, the payment of which cannot be enforced until the day of payment named shall arrive.

It would be an unsafe and dangerous rule, to hold that the time for the payment of a note may be enlarged upon such an agreement as is set forth in the answer in this case, to be proved by verbal evidence. It would open a door to controversies, frauds and false swearing.

I have said if the agreement can be upheld it must be upon the principles of accord and satisfaction. That is, all remedy

upon the note was gone when the agreement was made, and the right of Colvil depended entirely upon the new agreement. It was not argued, and cannot be, successfully, that there was any accord and satisfaction. There are cases where the note of a third person is taken in satisfaction of a debt, and a defense may be set up by way of accord and satisfaction. (*Booth* v. *Smith,* 3 *Wend.* 66. 20 *John.* 76. 19 *Wend.* 390.) But there can be no accord and satisfaction when one does or agrees to do what by law he is bound to do.

I think the referee did not err, and the judgment should be affirmed.

[ORLEANS GENERAL TERM, September 13, 1858. *Grover, Marvin* and *Davis,* Justices.]