## Brown *vs.* McIntyre.

Where a creditor, having a lawful claim against his debtor for less than $4200, commenced a suit against him, in Canada, and upon an affidavit stating that the defendant was justly indebted to him in the sum of $6000, (which affidavit could not by the laws of Canada be controverted,) caused a capias to be issued, upon which the defendant was arrested and held to bail in the sum of $6000, and being unable to procure bail to that amount he was imprisoned for about eighteen months; *Held* that an action for malicious prosecution would lie.

THE plaintiff in this action claims to recover damages sustained by him in consequence of a malicious prosecution of him by the defendant in the court of common pleas in Kent county, Canada. On or about the 2d of December, 1857, the defendant commenced a suit against the plaintiff by capias, on which he was arrested and confined in jail in Kent county in Canada, for the period of about eighteen months. The capias was issued upon an affidavit made by the defendant, stating that the plaintiff was justly indebted to him in the sum of $6000, when in fact the entire indebt-

edness due from the plaintiff to the defendant was between $4100 and $4200. By the laws of Canada the affidavit made by the defendant could not be controverted, but the capias issued of course upon it for the amount sworn to, when the arrest was made. The only mode in which the party arrested could secure his discharge, was by giving bail to the sheriff, conditioned that he would put in special bail in the action according to the practice of the court. The plaintiff insisted that the defendant held him to bail for the excess over and above the real debt, maliciously, and for the purpose of preventing him from obtaining bail. Upon the trial of the cause in the court of common pleas, on the 22d of April, 1858, the plaintiff in that action recovered a verdict for $4187. And under a statute existing in Canada, the defendant recovered his costs for defending the·action, which were afterwards deducted from the amount of the verdict.

The issue in this cause was referred to a referee, and upon the trial before him, he found in favor of the plaintiff for $3000 damages. From the judgment entered upon that report, the defendant appealed.

*A. P. Nichols,* for the appellant.

*P. G. Parke,* for the respondent.

*By the Court,* DANIELS, J. There was a difference of very near $2000 between the debt due to the defendant, and the amount stated in his affidavit upon which the capias was issued and the plaintiff was arrested and imprisoned. When the action was tried in the court of common pleas in Canada, all that the defendant claimed was the amount he recovered by the verdict which the jury rendered. At the time of the arrest the defendant held two demands against the plaintiff not due, amounting in the aggregate, to $650. That, together with the amount of the verdict, comprised all the

demands which the defendant held against the plaintiff. The officer who made the arrest upon the capias testified that he inquired of the defendant at the time he received the process, whether the plaintiff owed him the amount for which it had been issued. To which the defendant replied, "No, I don't know that he does, but I must fix it so that he can't get bail." This statement was contradicted by the defendant, who was sworn as a witness on his own behalf. But it was found to be true by the referee, as it very well might be, since the probability of its being so, was to some extent indicated by the manner in which the defendant's affidavit had overstated the amount of his debt.

Assuming this finding to be correct, as it most probably is, the question then arises whether it is sufficient to enable the plaintiff to maintain this action. The verdict rendered by the jury, and the judgment entered upon it, which were proved and read upon the trial of this cause, conclusively establish that to the extent of the recovery, the defendant had a good cause of action against the plaintiff. And under the laws of Canada, he was legally correct in making the arrest and procuring the plaintiff's imprisonment. But beyond that amount, the judgment is just as conclusive, that the defendant had no legal or probable cause for arresting and imprisoning the plaintiff. So far as the arrest and imprisonment was made for a sum exceeding the amount recovered, it was made without any real foundation whatever. If one man having a just claim against another, may maliciously arrest and imprison him for a much larger debt—so much larger, as to preclude the debtor from obtaining bail—and still be subject to no legal liability for the injury thus occasioned, then the law is very deficient in the protection afforded by it to the rights of persons. If a cause of action for $4000 will excuse the wrong perpetrated by an arrest for $6000, it will equally excuse it, if the arrest be for $60,000, or any other amount that the depravity or vindictiveness of the plaintiff would permit him to swear to. An instrument

of greater legal oppression and cruelty can not well be imagined. A rule like that would be dangerous to the security and rights of every person that under any circumstances might fall within the power of another.

In order to sustain an action for malicious prosecution, the law requires that the proceedings which form the subject of complaint should have been maliciously instituted, and carried on, without any reasonable or probable cause. There would ordinarily be but little difference in the injury produced to the defendant, whether the unfounded prosecution was carried on without any demand whatever to justify it, or whether it was coupled with a claim of real merit. So far as that part of the prosecution is considered, it is as wholly deprived of reasonable or probable cause as it would be when made itself the sole subject of the suit. And when that is found to be the case, and actual injury is produced, and damage sustained in consequence of it, a proper subject for redress would seem to be presented to a court of justice. The case to that extent is certainly within the reason and equally within the necessity of the rule, intended to afford protection to the person against unfounded and malicious prosecutions.

This conclusion does not stand merely upon principle. It is sustained by the authorities, though without any direct adoption of them by the courts of this state. Phillipps says: "Where there have been mutual dealings between the plaintiff and defendant, and items are ascertained to be due on each side of the account, an arrest for the amount of one side of the account, without deducting what is due on the other, is malicious and without probable cause." (3 *Phil. on Ev.*, 3*d ed.* 261.) This principle is fully sustained in the following English cases: *Austin* v. *Debnam*, 3 *Barn. & Cress.* 139 ; *Dronefield* v. *Archer*, 5 *Barn. & A.* 313 ; 7 *Eng. Com. Law.* 177 ; *De Medina* v. *Grove*, 1 *Queen's Bench Rep.* 152 ; *affirmed on error*, 172 ; *Churchill* v. *Siggers*, 26 *Eng. L. and Eq. R.* 200. The last case was very carefully exam-

ined in view of the previous authorities, and the conclusion
was definitely reached that an action upon the state of facts
existing in this cause should be sustained.

Upon a principle very analogous, the supreme court of
Pennsylvania have held that an action may be maintained
for levying an execution for the amount of the penalty of a
bond on which a judgment was recovered, instead of the
amount of the condition. (*Sommer* v. *Wilt*, 4 *Serg.
& R.* 19.) And for a maliciously excessive distress made by
the defendant. (*O'Donnell* v. *Seybert*, 13 *id.* 54.) These
actions were regarded as falling within the principle main-
tained in the authorities previously referred to. And they,
as well as the examination of the question upon principle,
lead to the result that so far as this point is involved the
present action should be sustained. The application of the
remedy may be more difficult than it would be in ordinary
cases, but that would be a very bad reason for denying it
altogether.

The next objection urged against the right of the plaintiff
to redress arises under a statute of Canada. By this statute
it is enacted, that whenever one person may by affidavit hold
another to bail for a greater amount than he shall recover a
verdict for, he "shall recover no costs of suit, but the defend-
ant shall be allowed to deduct his taxed costs from the
amount of the verdict." The only benefit which the plain-
tiff could, or did, derive, under this provision of the statute,
was the recovery and deduction from the verdict of his costs
of defending the action brought against him. The defense
was necessarily made, because the defendant would otherwise
most likely have recovered upon default all he claimed in the
capias and declaration. And if that had been done, the
judgment would have afforded him ample protection for the
imprisonment of the plaintiff. It would have legalized the
injury which is now complained of. The plaintiff had no
other means of vindicating and preserving his right to seek
redress for the injury to which he was subjected by the

arrest. If the recovery, and deduction of the costs from the verdict, which was only a means of satisfying them, can have the effect of defeating the right of action in this case, the same reason would exist for maintaining the same result where the verdict was general for the defendant; for in that case the defendant would recover, and be entitled to satisfaction of his costs. Under the application of such a principle it would be difficult to imagine a combination of circumstances that would warrant an action for malicious prosecution, unless it grew out of criminal proceedings. The design and object of this enactment was not to secure redress for the injury occasioned by an unfounded and malicious arrest of the party for a greater sum than was owing; for it includes and treats all cases alike, whether the arrest, for the greater sum, be the consequence of inadvertence or design. The object seems to have been to secure the observance of care and caution, through which the party arrested would be protected against the ordinary consequences of hurry and mistake. Under no fair construction of its provisions does this statute interpose any obstacle in the way of the present action.

There is greater difficulty in sustaining the conclusions of the referee upon the subject of damages; for they are allowed to compensate the plaintiff for all the injuries sustained by him from his entire imprisonment, extending through a period of near eighteen months. To justify this conclusion the referee finds, as a fact, that the plaintiff could have procured his discharge on bail if the affidavit, and the capias issued upon it, had correctly stated the amount due from him to the defendant; and that he was unable to procure bail for the amount for which the arrest was made. If that view of the evidence be correct, then all the damages produced by the imprisonment were the legitimate consequence of the act complained of, and the plaintiff is entitled to recover them in this action. The officer who arrested the plaintiff testifies

that there were but a few persons in the county whom he would accept as bail for so large a sum as six thousand dollars, and none of these are shown to be either friends or acquaintances of the plaintiff. His home was in Rochester, and although his business seems to have been considerably extended in Canada, there is nothing in the case from which it can be inferred that he enjoyed any uncommon means of securing bail in case of an arrest, for a large demand. The evidence of the officer is that he called on several persons to become bail for the plaintiff's discharge. But while they were willing to do so for four thousand dollars, or any smaller amount, they were not qualified as bail for so large a sum as six thousand dollars. Although the officer does not expressly say that he would have accepted these persons as bail for forty-one hundred and fifty dollars, which was about the amount of the actual demand due to the defendant at that time, it may, not unreasonably, be inferred, from his conduct and manner of testifying, that he would. Besides the statement of the defendant, that he must make the demand so large as to prevent the plaintiff from procuring bail, substantially concedes his ability to do it for the debt actually due. This evidence, considered together with that showing the extent of the plaintiff's business and the amount of property employed in it, seem to be sufficient to justify the conclusions of the referee in this respect.

The circumstance of other arrests being afterwards made does not necessarily affect the question of the defendant's liability. They were probably induced by the proceedings which he had previously taken. But whether they were, or not, is of no importance; for they were all for small amounts compared with the demand which the defendant has made. And if the plaintiff could secure his discharge on bail for the sum of four thousand dollars and upwards, there is no reason for supposing he could not do so where the arrests were for smaller amounts. His ability to do that is neces-

Post v. Ætna Insurance Company.

sarily included in the finding of the referee, that the imprisonment was owing to the arrest made at the instance of the defendant.

The judgment should be affirmed.

[ERIE GENERAL TERM, November 21, 1864. *Davis, Grover* and *Daniels,* Justices.]