ROBERT SAILESBURY, PLAINTIFF, v. ANN CRESWELL, DEFENDANT.

*Judgment — when not impeachable — False imprisonment — when action cannot be maintained for.*

The complaint in this action alleged that the plaintff herein was theretofore duly personally served with a summons to appear before a justice of the peace having jurisdiction thereof, to answer in an action brought against him by the defendant, Creswell ; that he did not appear before the justice, "well knowing that said Ann Creswell had no cause of action against him, and to appear before said justice would be attended with great cost and expense;" that the said Ann appeared and put in a complaint, charging him with having converted certain articles of personal property belonging to her ; that the complaint was false and was known to be so by the said Ann ; that the said Ann went on the stand and committed perjury in swearing to the facts stated in the complaint ; that judgment was entered against him therein, execution issued against his property, and subsequently against his person ; that, under the execution, he was confined in jail until discharged by taking the affidavit required by the statute ; that plaintiff did not know of the judgment until it was too late to appeal therefrom ; that the commencement of the said action and all the acts of the defendant were had and done unlawfully, wickedly, willfully and maliciously by said defendant to injure the plaintiff in his person and property. *Held*, that, as the judgment rendered before the justice was in full force and effect, the court could not question but that it was rendered on sufficient evidence and in a just cause, and that the complaint did not therefore state facts sufficient to constitute a cause of action.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed at the Circuit.

The complaint in this action alleged that the defendant, Ann Creswell, wrongfully and maliciously commenced an action against this plaintiff, before a justice of the peace, and that the summons therein was duly personally served upon him; that on the 8th day of June, 1876, the return day mentioned in the summons, the plaintiff did not appear before said justice, "well knowing that said Ann Creswell had no case of action against him, and to appear before said justice would be attended with great costs and expense;" that on said eighth day of June the said Ann Creswell personally appeared before said justice, "and on the parties named in said summons being called, said Ann Creswell, plaintiff named in said summons, answered and appeared, and she well knew that this plaintiff believed that she said defendant had no case of action against him, and no one appeared for this plaintiff by reason of the matters aforesaid; said Ann Creswell, put in and caused her complaint in said action to be put in substantially in the words and figures following: 'In Justice Court, Ann Creswell against Robert Sailesbury. Plaintiff appeared and complains of defendant, and alleges that on or about the 30th day of March, 1876, that defendant took and converted to his own use, one cook stove with cooking utensils, one bed tick and forty feet of rope, without the consent of the plaintiff; and plaintiff claims judgment for forty-five dollars and costs;' which complaint was false in fact, and which fact said Ann Creswell well knew, yet she maliciously and wrongfully made the same." That she was duly sworn according to law, to sustain her cause of action and did commit perjury in testifying to the truth of the facts set forth in her complaint; that judgment was rendered in favor of Ann Creswell for eighteen dollars damages and five dollars costs. "That this plaintiff did not know of said judgment until more than twenty days after the same had been rendered by said justice, nor until after the time to appeal therefrom had been lost to this plaintiff, and this plaintiff has no way to him known to review said judgment, and has had no legal way to review the same since this plaintiff learned that such judgment was

obtained by defendant." That subsequently an execution was issued thereon against the property of the plaintiff and returned unsatisfied, and that thereafter an execution was issued against his person, and he was confined in jail until discharged by taking the oath required by statute. " And this plaintiff charges that the commencement of said action, and the putting in of said complaint, and the giving the testimony on the trial of said action, and the obtaining of the judgment aforesaid, and of the issuing of the executions against the property as well as against the body of this plaintiff, were all had and done unlawfully, wickedly, wilfully and maliciously by said Ann Creswell, to injure this plaintiff in his person and property," and demanded $5,000 damages.

The plaintiff's counsel, in opening the case to the jury, read the complaint and stated that he proposed to prove all the matters and facts set out in said complaint, and in answer to an inquiry by the court, it was by the plaintiff admitted that the action before the justice, mentioned in said complaint, was an action of tort, and the judgment rendered therein had never been reversed, paid, satisfied, discharged, or appealed from. After the counsel for the plaintiff had completed his opening, defendant's counsel asked the court to rule that the justice had jurisdiction, and that the judgment was conclusive, and asked for a nonsuit. Plaintiff's counsel here claimed the right to introduce his proof in view of the pleadings, the answer being a denial of each and every allegation contained in the complaint and being duly verified. The court thereupon ruled and decided to nonsuit the plaintiff on its own motion, for the reason that the facts stated in the complaint and in the opening of the plaintiff's counsel, did not constitute a cause of action; that the judgment which was obtained before the magistrate was in full force and effect, and that the court could not question but what it was rendered on sufficient evidence and in a just cause. To which ruling and decision of the court the plaintiff's counsel duly excepted. Plaintiff's counsel then offered and claimed the right to make his proof of the facts as by him claimed in his opening, and to prove the matters alleged in the complaint, and he claimed that right by reason of the answer put in by the defendant, denying each and every allegation of the complaint. This

offer and claim was refused and denied by the court, and plaintiff's counsel duly excepted. The court thereupon made an order directing that the case and exceptions taken at the trial of this action, on the part of the plaintiff, when the same shall be duly settled and filed, be heard in the first instance at the General Term.

*Farnell & Burrell,* for the plaintiff.

*Murray & Green,* for the defendant.

HARDIN, J.:

The plaintiff is not in a situation to maintain this action founded upon the idea of a malicious prosecution. 1. The litigation before the justice was not terminated in favor of the plaintiff here. 2. The recovery of the judgment before the justice which remains unreversed, and in full force, is evidence of probable cause. The learned counsel for the plaintiff cites *Burt* v. *Place* (4 Wend., 591). In that case the litigation had been terminated by an appeal and reversal, which was held a continuation of the suits in favor of the plaintiff. Again, in that case the defendant had caused the arrest of the party with the design and for the purpose of preventing his appearance before the justice to defend the actions. Not so in this case. The plaintiff here deliberately and negligently omitted to appear before the justice and defend. In *Palmer* v. *Avery* (41 Barb., 290), cited by plaintiff's counsel, the court held that the action could not be maintained, because the litigation had not been terminated in favor of the plaintiff. FOSTER, J., concurred with BACON, J., upon that ground. This view is recognized by MITCHELL, J., in *Miller* v. *Deere* (2 Abb., 1), where he says, at page 6: "If his former testimony can now be disproved, it could and should have been disproved in the first suit, and the plaintiff should have no relief for his neglect to make such proof, unless he was prevented as in *Burt* v. *Place* by some other wrongful act of the present defendant."

PECKHAM, J., said in *Binck* v. *Wood* (43 Barb., 321): "The law cannot uphold the trust and faith that allows a man to lie by, as plaintiff here did in the first suit, and rest upon the belief that the plaintiff there would not do what in the summons or

complain t he had expressly notified this plaintiff he would do." * * * "Such doctrine puts an end to the effect which the wisdom of ages has given to judgments." (Id., see *White* v. *Merritt*, 7 N. Y., 352.)

The plaintiff cites *Brown* v. *McIntyre* (43 Barb., 344), to uphold this action. That does not favor a recovery here. There the plaintiff recovered for a malicious arrest in Canada, where he had been held to bail in $2,000 more than the amount of his debt, and such fact had been found in the Canada suit, which, as to the $2,000, had terminated in his favor. Nor does the case of *Brown* v. *Feeter* (7 Wend., 301), aid the plaintiff. There the judgment had been paid and the party wrongfully issued and caused to be executed an execution, and was held liable for the wrong perpetrated by means of the execution. Here the judgment was rendered, remained wholly unpaid, and was the foundation for an execution to enforce it. The payment of the judgment in *Brown* v. *Feeter* (*supra*), extinguished it. (*Dexter* v. *Broat*, 16 Barb., 337.)

The plaintiff here was negligent. 1. In not appearing before the justice. 2. Not inquiring for the judgment. 3. Not asking to have the judgment opened. 4. Not appealing either upon the merits or upon affidavit showing his excuse for not appearing before the justice. (Code, § 366.) Such negligence deprives him of the right to question the judgment in Justice's Court, and prevents him from overhauling it by means of this action. (*Ross* v. *Woods*, 15 N. Y. S. C., 185; *Smith* v. *Nelson*, 62 N. Y., 287; *White* v. *Merritt*, 7 id., 352; *Verplanck* v. *Van Buren*, 18 N. Y. S. C., 328; *Gates* v. *Preston*, 41 N. Y., 113; 2 Addison on Torts, 800.)

The nonsuit was properly granted at the Circuit, and the motion for a new trial should be denied and judgment directed for the defendant, with costs.

TALCOTT, P. J., and SMITH, J., concurred.

Motion for new trial denied and judgment for the defendant.