Charles Leet, Appellant, v. Fred R. Leet and Others, Respondents.

*Equity action.— to set aside a decree for fraud, but not for a mistake of law.*

A judgment or decree obtained by an imposition upon the court which grants it, or by reason of any fraud or deceit practiced by the party who obtains it, will be declared null and void in a proper action brought for that purpose, but an action in equity cannot be resorted to for the purpose of reviewing an erroneous decision of a surrogate that land, to be sold under his decree for the payment of a decedent's debts, is subject to a life estate, as a consequence of which an inadequate price is received therefor. The remedy in such case is by a motion before the surrogate to vacate the sale, or by an appeal from the decree.

Appeal by the plaintiff, Charles Leet, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Allegany on the 8th day of February, 1896, upon the decision of the court rendered after a trial at the Allegany Special Term dismissing the complaint upon the merits, without costs to either party, certain issues of fact having theretofore been submitted to and determined by a jury.

This action was brought to set aside, as fraudulent and void, a deed executed by the defendants William P. Brooks and Jane Leet, as administrators of Thomas R. Leet, deceased, to the defendant Fred R. Leet.

It appears by the conceded facts in the case that at one time

Thomas R. Leet was the owner of a farm located in the towns of Hume and Caneadea, in the county of Allegany, and that prior to his death, for the purpose of making a suitable advancement to his children, he conveyed to the plaintiff and his brother Henry Leet forty acres, and to his daughter Sarah Ayers about twenty acres of such farm, in both of which conveyances his wife joined, thereby releasing her inchoate right of dower in the premises conveyed.

Cotemporaneously with the execution of these deeds, and as a part of the consideration therefor, Thomas R. Leet and his wife, the plaintiff, Charles Leet, Henry Leet, Sarah A. Ayers and her husband, Wallace W. Ayers, duly executed, under their hands and seals, an instrument in writing, of which the following is a copy, viz. :

" This agreement made this sixth day of March, 1871, between Thomas R. Leet, and Jane, his wife, of Caneadea, Allegany county, New York, of the first part, and Henry Leet and Charles Leet and Phebe A., his wife, and Sarah A. Ayers and Wallace W. Ayers, of the same place, heirs at law of the parties of the first part, witnesseth : that the said parties of the second part, in consideration of the conveyance of certain lands by the parties of the first part to Charles and Henry Leet and to Sarah A. Ayers, respectively, and bearing even date herewith, do, by these presents, release all claim or demands whatsoever as such heirs at law to such part of lot 28 of the Caneadea reservation consisting of twenty-three acres of land known and distinguished as follows : Bounded southwesterly by lands of Edwin Leet, westerly by the Genesee valley canal, easterly by the Genesee river and northerly or northeasterly by a line parallel to the first mentioned boundary, at a distance therefrom sufficient to contain twenty-three acres of land, and to all articles of household furniture now in possession of the parties of the first part, during the natural lives of the said parties of the first part.

" And furthermore, the said Charles Leet and Phebe A. Leet and Sarah A. Ayers and Wallace W. Ayers do, as far as it may be lawful for them to do, covenant and agree to and with the said parties of the first part that the same obligations of release which rests upon them in consequence of this contract shall be equally binding upon their and each of their several heirs.

" In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

"THOMAS R. LEET.      [L. S.]
"JANE LEET.      [L. S.]
"HENRY LEET.      [L. S.]
"CHARLES LEET.      [L. S.]
"SARAH A. AYERS.      [L. S.]
"WALLACE W. AYERS.      [L. S.]

" Signed, sealed and delivered in the presence of

"JOHN S. MINARD."

After conveying to his two sons and his daughter the sixty acres of land above mentioned, there still remained to Thomas R. Leet of his original farm about forty-two acres, of which the twenty-three acres mentioned and described in the foregoing instrument constituted a part.

Thereafter, and in the month of January, 1892, Thomas R. Leet departed this life intestate, and subsequently the defendants William P. Brooks and Jane Leet were duly appointed administrators of his estate.

Thereafter, and upon the 28th day of December, 1893, such administrators instituted a proceeding in the Surrogate's Court of Allegany county to sell or mortgage the real estate of their intestate, or so much thereof as might be necessary, for the payment of his debts and funeral expenses, and such proceedings were thereupon had that a decree was duly made by the surrogate directing such administrators to sell the real estate of which Thomas R. Leet died seized, at private sale, subject to the life estate in twenty-three acres thereof held by the defendant Jane Leet, and the same was thereafter sold, thus incumbered, to the defendant Fred R. Leet for the sum of $525.

The plaintiff was duly informed of these proceedings, and was served with the usual citation therein, but he failed to appear upon the return of such citation, and took no part whatever in the further proceedings before the surrogate.

This action was commenced upon the 18th day of August, 1894, and about the same time Jane Leet, who was the second wife of Thomas R. Leet, and the mother of the defendant Fred R. Leet,

departed this life, thereby releasing the premises conveyed to Fred
R. Leet from any and all interest which she had therein.

*Charles H. Brown,* for the appellant.

*G. W. Harding,* for the respondents.

ADAMS, J.:

The plaintiff's complaint was obviously framed upon the theory
that the proceedings in the Surrogate's Court which resulted in the
transfer of the title to the premises in question from the heirs at law
of Thomas R. Leet to Fred R. Leet were collusive and fraudulent,
and it contains allegations appropriate to such a cause of action,
charging that the surrogate was induced by the false and fraudulent
representations of Fred R. Leet to appoint persons selected by him
to appraise such premises, and that they falsely and fraudulently,
at his instance, appraised the same at the sum of $500 over and
above the life estate therein of his mother, Jane Leet, which sum
was much less than their actual value; that the surrogate was
imposed upon by such false and fraudulent appraisal, in conse-
quence of which he was induced to adopt the same, and direct a
conveyance of the premises, and to ratify and confirm the same after
such conveyance had been duly executed; and in his demand for
relief the plaintiff asks that the deed to the defendant Fred R. Leet
be vacated and set aside as fraudulent and void, subject, neverthe-
less, to the lien of an intermediate mortgage.

These several allegations were denied by the defendants who
appeared and answered, and subsequently certain issues of fact were
duly framed and ordered to be tried by a jury. These issues were
three in number, and they related, *first,* to the actual value of the
premises conveyed to Fred R. Leet, in virtue of the proceedings in
the Surrogate's Court; *second,* to the value of such premises upon
the assumption that twenty-three acres thereof were burdened with
a life estate owned by his mother, Jane Leet; and the *third* required
the jury to say whether the proceedings in the Surrogate's Court
were conducted by the defendants in fraud of the plaintiff's rights,
and with intent to deprive him of his interest in the lands described
in the complaint.

These questions were all of them answered in a manner which

tended to sustain the *bona fides* of the proceedings had before the surrogate, and to exonerate the defendant Fred R. Leet from the charge of fraud, and the conclusion reached by the jury was subsequently adopted by the court at Special Term.

Thus it will be seen from this brief recital of the various steps which have been taken in this action, that while the plaintiff's ultimate object was to have the deed to Fred R. Leet declared null and void, he was seeking to attain such relief by claiming that the order or decree entered in the Surrogate's Court had been procured through means which were fraudulent.

Unquestionably the relief thus sought was attainable by the plaintiff in a court of equity, provided he was able to sustain his allegations by competent proof, for it is well established by abundant authority that where a judgment or decree is obtained either by imposition upon the court which grants it, or by reason of any fraud or deceit practiced by the party who obtains it, the same will be declared null and void in a proper action brought for that purpose. (*Dobson* v. *Pearce,* 12 N. Y. 156; *State of Mich.* v. *Phœnix Bank,* 33 id. 1; *Hackley* v. *Draper,* 60 id. 88; *Whittlesey* v. *Delaney,* 73 id. 571; *Mather* v. *Parsons,* 32 Hun, 338, and cases cited.)

In this case, however, the plaintiff appears to have been unable to sustain his allegations of fraud by evidence which was satisfactory either to the court or jury before whom the issues were tried, and we examine the record in vain for any facts which will justify this court in adopting a different conclusion upon that issue from the one already reached. Indeed, if we correctly apprehend the situation of the case and the arguments of counsel, the contention that the proceedings which resulted in the sale of the premises in question, were fraudulent and void by reason of collusion between the appraisers and the defendant Fred R. Leet, or in consequence of any imposition practiced by the latter upon the surrogate, has been virtually abandoned, and as a substitute therefor it is now claimed that the learned surrogate who entertained such proceedings erroneously held that Jane Leet was possessed of a life estate in twenty-three acres of the land which her husband owned at the time of his death, in virtue of the agreement of March 6, 1871; and the court is asked to adjudge that the administrators' deed to the defendant Fred R. Leet be vacated and set aside for the reason that the price

paid by the latter was inadequate, and that such inadequacy was the result of an improper construction given by the surrogate to that agreement.

It appears that when this action was commenced it was assumed by all the parties interested therein that the agreement referred to did reserve to Jane Leet a life estate in the twenty-three acres, and the plaintiff's complaint contains an express averment of that fact, which is admitted in the defendants' answer, but upon the trial at Special Term the plaintiff was permitted to amend his complaint by alleging that Mrs. Leet owned no such life estate. The truth of this allegation was challenged by the defendants in the answer subsequently served by them, and the learned trial court, while holding, as has already been stated, that the proceedings in the Surrogate's Court of Allegany county were honestly, fairly and legally conducted, also held that Jane Leet was, at the time of the death of her husband, the owner of a life estate in the twenty-three acres, and this latter conclusion, which was duly excepted to, presents the only question which is sought to be reviewed by this appeal.

This question, which is discussed by the counsel in their briefs with unusual care and elaboration, is certainly an interesting one, but in our view it is one which does not necessarily arise in the case, for, with the question of fraud satisfactorily disposed of, we are unable to see upon what theory the plaintiff can maintain his action, and consequently, however interesting the investigation we are urged to enter upon might prove, it could result in nothing but the decision of a question which, at the most, must be regarded as purely abstract in its relation to this case, and, therefore, one which we do not feel called upon to decide. (*People ex rel. Geer* v. *Com. Council of The City of Troy*, 82 N. Y. 575.)

If, as it is urged, the learned surrogate who entertained the proceedings for the sale of the premises in question, erred in the construction which he gave to the instrument under which Jane Leet took her life estate, if she took one at all, the plaintiff, who was a party to those proceedings and was apprised by the petition upon which they were founded that it would be claimed that the twenty-three acres were burdened with a life estate in favor of his stepmother, was furnished with a complete and adequate remedy, by means of which he might have reviewed and tested the accuracy of the surrogate's

decision of that question. This could have been accomplished either by a motion before the surrogate to vacate the sale (Code Civ. Proc. § 2775), or by an appeal from his order or decree. (§ 2570.) He did not see fit, however, to avail himself of either of these remedies, but, in lieu thereof, he seeks to obtain the desired relief through the medium of a collateral action, and while, as we have seen, such an action may be maintained where fraud is alleged and established, it cannot be resorted to for the purpose of reviewing an erroneous judgment rendered by a court which is the result of a mistaken view of the law. (*White* v. *Merritt,* 7 N. Y. 352; *Schaettler* v. *Gardiner,* 47 id. 404; *Fisher* v. *Hepburn,* 48 id. 41; *Glacius* v. *Fogel,* 88 id. 434; *Herring* v. *The N. Y., L. E. & W. Railroad Co.,* 105 id. 340; *Wood* v. *Amory,* Id. 278.) Our conclusion, therefore, is that the judgment appealed from should be affirmed.

All concurred, except GREEN, J., not sitting.

Judgment affirmed, with costs.