(13 App. Div. 163.)

## CLOSIUS v. REINERS.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

**1. FRAUD—ACTION FOR DAMAGES—PLEADING.**

No cause of action for fraud is stated by a complaint alleging that defendant induced plaintiff to confess judgment on a promissory note by representations that plaintiff's life estate in certain property would be valued on the basis of a certain valuation of the entire property in the execution sale thereof on the judgment, and that she would receive a fair market price therefor; that the representations were false and fraudulent; and that plaintiff's life estate was sold on execution to defendant and his partner for the amount of the judgment; and demanding judgment for the alleged value of the life estate,—since the complaint does not allege any conveyance pursuant to the execution sale, so as to divest plaintiff of title, nor do the alleged representations relate to matters of fact.

**2. SAME—PLEADING—USURY.**

Such a complaint is not aided by an allegation that the note on which the judgment was confessed was usurious, since the action proceeds on an affirmance of the note and judgment.

Appeal from special term, Kings county.

Action by Eva Closius against Herman Reiners for damages for deceit. From an interlocutory judgment overruling a demurrer to the complaint for insufficiency, defendant appeals. Reversed.

The plaintiff, by her complaint, alleges: That by his will, which was admitted to probate, Joseph Closius, deceased, devised the residue of his estate, both real and personal, in trust to the plaintiff (his wife) for her use and benefit during her life. That afterwards, on May 11, 1891, she was indebted to the firm of H. & H. Reiners, of which the defendant was the principal partner, in the sum of $685.79. That the plaintiff sought and obtained from that firm the loan of $724.21 in money. That plaintiff was thereupon required to and did give to the firm her promissory note for $1,500, payable in four months, the defendant charging up against her $90, being one year's interest on $1,500, all of which was usurious and illegal. That on its maturity it was renewed for two additional months. That in November, 1891, when the note became due, the plaintiff was unable to pay it, and that the defendant then represented to her that she had better confess judgment in favor of the firm; that it was unnecessary for her to take any legal advice; that, if she would so confess, the defendant would protect her interest on the sale that was to follow; that the property in which she had a life estate was worth $20,000; that he would see that her life estate would be based on that valuation; that on the sale she would receive a fair market price for her life interest, and that all he wanted was the amount due the firm; that the balance would go to her; and that her equity was a considerable one, and, if she implicitly confided in him, he would act for her, and in her sole interest. That the plaintiff, believing these representations to be true, and relying thereon, confessed the judgment, November 19, 1891, for $1,532.92. The plaintiff further alleges "that said representations were, as matter of fact, false and fraudulent and untrue, and knowingly so and made to deceive her," and that her "interest in her husband's real estate was sold in disregard of defendant's representations, and in violation thereof." The plaintiff proceeds to allege that her interest in such real estate was sold on execution issued on the judgment, and was purchased by the defendant and his partners for the amount of their judgment; that the sale was not properly advertised, and was conducted in their interest, and not in the interest of the plaintiff, as the defendant had agreed; that the plaintiff has received no money from him; and that she is informed and believes that her life estate in the premises amounted to $8,393, for which sum she demands judgment against the defendant.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH and BRADLEY, JJ.

Ira Leo Bamberger, for appellant.

Charles F. Brandt, for respondent.

BRADLEY, J. The action is apparently one at law to recover damages. It is difficult to see in the allegations of the complaint any support for it on that theory. It seems to have been contemplated when the judgment was confessed that the plaintiff's life estate would be sold on the execution. The action is not founded upon any undertaking of the defendant to pay any sum to the plaintiff, but she seeks to charge him upon his representations, which she alleges were false, that he would protect her interest on the sale, that he would see that her life estate would be based on a valuation of $20,000, and that at the sale she would receive a fair market price. Those representations were not false as to any fact existing when they were made, but had relation solely to future events within their contemplation, and the alleged fraud was in the supposed purpose of the defendant not to thus enable the plaintiff to take the benefits which he represented she would, through his instrumentality, derive from the sale of her life estate upon the execution of the judgment confessed by her. This state of facts might enable her, in equity, to obtain relief by way of vacation of the sale, or redemption of the property from it, or if, pursuant to the sale, the property had passed beyond his control, to require him to render an account for it in such manner and to such extent as the equities of the plaintiff, in view of the representations made by the defendant to her, should require, as those alleged tend to show that the relation he assumed to the plaintiff was in some sense fiduciary. Such, however, is not the purpose of the action, as represented by the complaint, nor does the complaint contain all the allegations requisite to its support for that purpose, nor are all the necessary parties before the court for such equitable relief. The purchase was made by the defendant and his associate partner or partners, of the firm of H. & H. Reiners; and to an action by the plaintiff for relief, founded on such facts, the defendant's partners are necessary parties, since they joined with him in the purchase. It may be observed that they made the purchase in satisfaction of a precedent debt due from the plaintiff to the firm, and they cannot, as against the plaintiff, derive any advantage from title taken through the fraudulent conduct of the defendant not available to him. It is not alleged that the defendant represented or promised that he would purchase the property on the execution sale, or that it would be bid off at such sale for any specific sum, or for an amount sufficient to cover the value of the plaintiff's life estate on the basis of valuation mentioned in the complaint; but it is alleged "that he represented that he would see that her life estate would be based on that valuation, and that on the sale she would receive a fair market price for her life estate." The alleged representation that the plaintiff would derive such benefit from the sale must be deemed to have been on the assumption, and subject to the condition, that the purchase would result in title to such life estate perfected by conveyance made pursuant to the sale upon the execution. The sale alone vested no title in the purchaser, nor is

it alleged that any title was derived from the sale. It is unneces-sary to inquire whether the inference of such fact would, as matter of evidence, arise upon proof of the facts alleged. No such inference is permitted in the pleading. Nor can it be assumed that the plaintiff has been divested of the possession and enjoyment of the property. It is not important, for the purposes of the present case, whether, by the allegation that the sale was not properly advertised, the plaintiff intended to charge that it was insufficient for want of legality or otherwise, as in either view it cannot aid the plaintiff here, however much it may be available as a fact for equitable relief. And for the purposes of this action the fact that the defendant exacted, and included in the note made by the plaintiff, a bonus in excess of the legal rate of interest, is not available. The plaintiff does not seek to set aside the judgment, or the sale of the property founded upon it, but the allegations of her complaint proceed for relief in affirmance of both. As before suggested, the alleged representations relating to events in contemplation, and, being promissory only, constitute no support to the action as brought, and for the relief sought by it. Farrington v. Bullard, 40 Barb. 512, and cases there cited.

The interlocutory judgment should be reversed, and the demurrer sustained, with leave to the plaintiff to amend her complaint, on payment of costs, within 20 days after service of notice of the entry of this order. All concur.