(34 Misc. Rep. 526.)

## CHASE v. HERR.

(Supreme Court, Appellate Term.   April 16, 1901.)

COURTS—NEW YORK CITY MUNICIPAL COURT—JURISDICTION—FRAUD.
      Greater New York Charter, § 1364, subd. 14, gives the municipal court
      jurisdiction in cases over which the district courts had jurisdiction; and
      by Code Civ. Proc. § 3215, the provisions of section 2862, giving justices
      of the peace jurisdiction of actions for "injury to property," were made
      applicable to district courts.   *Held*, that since Code Civ. Proc. § 3343, subd.
      10, defining "an injury to property" to be "an actionable act, whereby the
      estate of another is lessened, other than a personal injury, or the breach
      of a contract," covers actions for damages for fraud and deceit, such ac-
      tions are within the jurisdiction of the municipal court.

Appeal from municipal court of city of New York, Eleventh district.
Action by Frank C. Chase against Franklin B. Herr.   From a judg-
ment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-
TRITT, JJ.

Pierre M. Browne, for appellant.
Sidney H. Stewart, for respondent.

BISCHOFF, P. J.   The ground for the dismissal of the action ap-
pears from the return to be that the municipal court had no jurisdic-
tion of an action for fraud and deceit.   Section 1364 of the charter
(subdivision 14) gives the municipal court jurisdiction in cases over
which the district courts had jurisdiction, and by section 3215 of the
Code the provisions of section 2862 relative to the jurisdiction of jus-
tices' courts were made applicable to the district courts.   An ac-
tion for an injury to property, as defined in section 3343, subd. 10, of
the Code, is thus within the jurisdiction of the municipal court (Code,
§ 2862, subd. 2); and the Code definition of an injury to property—"an
actionable act, whereby the estate of another is lessened, other than
a personal injury, or the breach of a contract"—clearly covers an ac-
tion for damages for deceit.   See Farrington v. Bullard, 40 Barb.
512.   Upon examination of the pleadings, we cannot agree with coun-
sel for the respondent that the complaint might have been dismissed
for insufficiency, and the dismissal upon the express ground of juris-
diction was erroneous.

Judgment reversed and new trial ordered, with costs to the appel-
lant to abide the event.   All concur.