## HASBROUCK *against* TAPPEN.

<div style="float:left; width:25%;">In an agreement for the sale and conveyance of land, the vendor covenanted to convey the land, which was to be surveyed, free of incumbrances, by the 1st of *January*. The land was not</div>

THIS was an action of covenant. The declaration stated an agreement made between the plaintiff and defendant, on the 25th of *November*, 1815, by which the defendant agreed on the first day of *January* next thereafter, by a good and sufficient warranty deed, free of all incumbrances, to sell and convey to the plaintiff, his heirs and assigns, a certain

land was not surveyed in time, and the vendee declared that he would take no advantage, on account of the vendor's not conveying on the precise day mentioned in the agreement. The land was, some months afterwards, surveyed, but the vendee refused to accept a conveyance, because it was incumbered, which was the fact. It was held that the vendee, by enlarging the time, did not waive his right to recover a sum which was fixed and liquidated by the agreement, as the amount of damages to be paid by the party failing in performance, even admitting that his consent to extend the time amounted to an agreement ; for such subsequent agreement, by parol, was void by the statute of frauds, and could not alter, revoke, or modify the previous valid contract.

lot of land in the town of *Kingston*, which was to be survey-
ed, and the plaintiff agreed to pay to the defendant, on
the delivery of the deed, 1,250 dollars, by his bond, pay-
able without interest, on the first day of *May* next, after the
date of the agreement : and in case of failure of the parties
to the agreement, they thereby bound themselves, each
unto the other, in the sum of 500 dollars, which they con-
sented to fix and liquidate, as the amount of damages to be
paid by the failing party, for his non-performance, to the
other.   The plaintiff averred that he had always been ready
to pay the defendant in the manner mentioned in the agree-
ment, and assigned for breach, that the defendant did not,
on the 1st of January, or at any time since, by a good and
sufficient warranty deed, free of all incumbrances, sell and
convey, &c.   The defendant pleaded *non est factum*, with
notice of special matter to be given in evidence.   The
cause was tried before Mr. Ch. J. *Thompson*, at the *Ulster*
circuit, in 1817.

The plaintiff, at the trial, having proved the agreement,
the defendant produced as a witness a surveyor, who testi-
fied that he was employed, in *December*, 1815, by the par-
ties, to survey the land ; that on account of bad weather he
did not make the survey at the appointed day, and that in
the same month he had a conversation with the plaintiff, in
which the witness told him that he had been informed by
the defendant, that the survey must be done by the 1st of *Ja-
nuary ;* to which the plaintiff replied, that it was immaterial
as to the day, and that if the defendant performed his contract,
he would take no advantage, on account of his not doing it
on the precise day mentioned in the agreement.   The land
was not surveyed until *May*, 1816, when the survey was
made in the presence of the parties, without any objection
on the part of the plaintiff.   The defendant afterwards
offered to execute a deed, but the plaintiff declined accept-
ing it, on the ground that the premises were incumbered,
and at the trial produced the record of a mortgage, which had
become forfeited, executed by the plaintiff, including these
premises with other land, and conditioned for the payment
of 2,672 dollars and 16 cents ; and another mortgage on

NEW-YORK,
May, 1818.

HASBROUCK
v.
TAPPEN.

the premises, also forfeited, conditioned for the payment of 226 dollars.

The defendant's counsel insisted that the plaintiff ought not to recover the stipulated damages mentioned in the agreement, because the plaintiff's waiver of the time of performing the agreement, until after the 1st of *January*, amounted in law to a waiver of those damages : but the chief justice charged the jury, that the plaintiff was entitled to recover the damages stipulated for the non-performance of the agreement, and the jury accordingly found a verdict for the plaintiff, for 500 dollars damages. The defendant tendered a bill of exceptions to the opinion of the chief justice.

*Champlin,* for the defendant, contended, that the plaintiff, by agreeing to extend the time of performance, had waived the penalty, and could recover only the actual damages which he had sustained by the non-performance. He cited *Astley* v. *Weldon,* 2 *Bos. & Pull.* 346. *Brown* v. *Goodman,* cited in *Littler* v. *Holland,* 3 *Term Rep.* 592. *n.* *Thresh* v. *Rake,* 1 *Esp. N. P. Rep.* 53. *Phillips* v. *Rose,* 8 *Johns. Rep.* 392. *Freeman* v. *Adams,* 9 *Johns. Rep.* 115.

*C. Ruggles, contra,* insisted that the 500 dollars were to be considered as stipulated damages. (*Dennis* v. *Cummins,* 3 *Johns. Cas.* 297. and *note.*) In *Keating* v. *Price,* (1 *Johns. Cas.* 22.) the court admitted evidence of a parol agreement, to enlarge the time of performing a written contract. (*Fleming* v. *Gilbert,* 3 *Johns. Rep.* 528.) But in these cases, the contract was of that nature, that if it had been originally by parol, it would have been valid. Here the parol agreement must be void, by the statute of frauds, and so could be no modification of the original contract.

THOMPSON, Ch. J. delivered the opinion of the court.

This case comes before the court on a bill of exceptions taken at the trial. It was an action of covenant, to recover five hundred dollars, as stipulated damages agreed on between the parties, to secure the performance of certain covenants contained in an agreement of the 25th of *November,* 1815. There was no question upon the trial, but that it

was a case of stipulated damages. The agreement, with respect to that, is too explicit to admit of any doubt. The parties bound themselves to each other in the sum of five hundred dollars, which, in the language of the covenant, they consented to fix and liquidate as the amount of damages to be paid by the failing party, for his non-performance, to the other. The evidence, as appearing on the bill of exceptions, shows that the plaintiff was always ready, and did every thing on his part required by the agreement; and that the defendant did not and could not perform, on his part, by reason of certain incumbrances on the land which he had covenanted to convey to the plaintiff.

The only question upon the trial was, whether the plaintiff had not waived the stipulated damages, by the indulgence he had given to the defendant. By the covenant, it appears that the deed was to be given by the first day of *January* next after the date of the agreement. The evidence shows, that the defendant, finding some difficulty in having the necessary survey made in season, his surveyor had a conversation with the plaintiff on the subject, when the plaintiff said, that it was immaterial as to the day; that if the defendant performed his contract, he would take no advantage, on account of his not doing it on the precise day mentioned in the agreement. No advantage was taken; for the plaintiff was always willing to accept the deed, and perform, on his part. But the defendant was unable to comply with his covenant, and convey the land, free from incumbrances. He comes now, with a very ill grace, to set up this indulgence given him, to discharge himself from his covenant. It is a sound principle, that he who prevents a thing being done, shall not avail himself of the non-performance he has occasioned. So that if, by the covenant, any act was to have been done by the plaintiff, before the conveyance was to be made, the defendant's conduct would have dispensed with the performance. But no such act was required. We have no *oyer* of the covenant, but, according to the declaration, the covenants were independent, or, at all events, nothing is required to be done by the plaintiff, until the delivery of the deed. He has averred his readiness to perform on his part, and this is fully shown by

the proof. Even admitting that an agreement to extend the time of performance would be a waiver of the stipulated damages, there was not, in fact, any such agreement. Nothing ever passed between the parties on the subject. All that the plaintiff ever said, as to the extension of the term, was, that if the defendant would perform his contract, he would take no advantage of its not being done on the precise day. This could not be called an agreement to extend the time ; no day was fixed, to which the performance was postponed, and it would be a violent and unnatural construction of the plaintiff's conduct, to consider it as intended to waive his covenant, and enter into a new agreement, especially as such parol agreement would be void under the statute of frauds. If this is to be considered a new agreement, which in any manner affects the covenant, the plaintiff's whole remedy is gone. He can no more sustain an action for his real damages to be proved, than he can for the stipulated damages ; and this was not pretended on the trial. An agreement, absolutely void, can never be considered as altering, revoking, or modifying a valid contract. In all the cases referred to, where the term has been extended, the subject matter was such, as might be embraced by a parol agreement, and the parties have been driven to the new contract for redress ; but when the new contract is void in law, and the party without remedy if turned over to it, it would be extremely unjust. Nor was it contended on the trial, that the plaintiff's remedy was on the new agreement. That forms no part of the objection to the recovery, as stated in the bill of exceptions. It is placed entirely on the ground that an extension of the time is a waiver of the stipulated damages only. But the mere extension of the time of performance is not a waiver of any thing. This principle is settled by the case of *Evans* v. *Thompson*, (5 *East*, 193.) where it was held, that the time for making the award being enlarged by agreement, did not dispense with the stipulation to make the submission a rule of court. The court said, the agreement to enlarge the time must be understood as by reference virtually incorporating in itself all the antecedent agreement between

the parties, relative to that subject, as if the same had been formally set forth and repeated therein. In every point of view, therefore, in which this case can be viewed, the plaintiff is clearly entitled to judgment.

<div align="center">Judgment for the plaintiff.</div>