GEORGE T. COLE et al., Respondents, *v.* OSCAR E. MANN, Appellant.

Where the owner of property consigns it to another under an agreement that when paid for it shall become the property of the consignee, the title does not pass to the latter until the condition is complied with, and it is not liable to levy and sale upon execution against him.

Where, therefore, a sheriff, with notice of the arrangement, sells the property upon such execution, the owner can maintain an action against him for the conversion thereof.

The fact that the consignee is a dealer in property of the kind, and has authority to sell, provided he remits the proceeds, or to make a similar conditional sale recognizing the title of the consignor, does not operate to pass the title to the former, and while it may have an important bearing upon the rights of a *bona fide* purchaser from the consignee without notice of the limitation upon the authority of the latter, it does not affect the question of title as between him or his creditors and the consignor.

(Submitted April 19, 1875; decided April 27, 1875.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing an order of Special Term, which denied a motion for a new trial, and granting a new trial. (Reported below, 3 T. & C., 380.)

This action was for the alleged wrongful taking and conversion of a piano belonging to plaintiffs.

The plaintiffs were dealers in pianos, doing business under the firm name of Cole, Passage & Co., and residing in Towanda, Penn. On the 15th of November, 1872, they shipped the piano in question to C. H. Jenne, who then resided in Lockport. At the time plaintiffs shipped the piano, they sent with it a bill of lading as follows:

"Towanda, Pa.,      187  .

"Consigned by Cole, Passage & Co., to ―――― one style ――, No. ―, $――, to become the property of the consignees, upon payment of the cash and notes as above."

They also sent a note, which was signed by Mr. Jenne, and returned by him, as follows:

"Until this note is paid, style twelve, Mateerscheck Pianos, No. 2,710, shall remain the property of Cole, Passage & Co., Towanda, Pa."

"Lockport, N. Y., *Nov.* 15*th*, '72.

"Four months after date I promise to pay to the order of Cole, Passage & Co., three hundred and ninety dollars, at Lockport Banking Association, Lockport, N. Y. Value received.

"C. H. JENNE."

Before the goods were shipped it was agreed that the goods should remain plaintiffs' till paid for, and that if Jenne procured a sale of the piano he was to remit of the proceeds sufficient to pay the note, and if he made a conditional sale the property was still to remain in plaintiffs, till paid for; and notes were to be taken from the buyer expressing that fact, and like the one given by Jenne.

The defendant was sheriff of the county of Niagara. He took and sold the property on an execution issued to him against Jenne. Before and at the sale he received notice of plaintiffs' rights; they demanded the piano and forbade the sale.

Plaintiffs' counsel requested the court to direct a verdict for plaintiffs, which was denied and plaintiffs excepted. The court charged, among other things, that if Jenne could give

a good title to a *bona fide* purchaser then he had given defendant one, and that if it was understood that Jenne could sell in plaintiffs' absence, the reservation of title was void and defendant was entitled to a verdict, to which plaintiffs duly excepted.

The jury rendered a verdict for defendant.

*F. Brundage* for the appellant. As plaintiffs delivered the property to Jenne to be dealt with as his own, the title as against creditors and purchasers was vested absolutely in him and could be levied on and sold. (*Bonesteel* v. *Flack*, 41 Barb., 435, 440; *Ludden* v. *Hazen*, 31 id., 650, 652, 654; *W. Tr. Co.* v. *Marshall*, 37 id., 509; affirmed, 6 Abb. [N. S.], 280; *Hussey* v. *Thornton*, 4 Mass., 407; *Steelyard* v. *Singer*, 2 Hilt., 96, 98; *Saltus* v. *Everett*, 20 Wend., 267, 280; *Fleeman* v. *McKean*, 25 Barb., 474; *Smith* v. *Lynes*, 1 Seld., 41; *Burk* v. *Grimshaw*, 1 Edw. Ch., 140; *Beavers* v. *Lane*, 6 Duer, 232.) If plaintiffs gave Jenne consent, express or tacit, to sell the property, or deal with it as his own, they are estopped from asserting title to the property. (*Brewster* v. *Baker*, 16 Barb., 613; *Ludden* v. *Hazen*, 31 id., 652; *Griswold* v. *Sheldon*, 4 Comst., 591; *Mitnacht* v. *Kelley*, 3 Keyes, 407; *Ostrander* v. *Fay*, 2 id., 586; *Ford* v. *Williams*, 13 N. Y., 577; *Edgel* v. *Hart*, 5 Seld., 213.)

*Ellsworth & Potter* for the respondents. The reservation of the title by plaintiffs was valid, and the property remained absolutely theirs as against Jenne or any one claiming under him. (*Herring* v. *Hoppock*, 15 N. Y., 409; *Ballard* v. *Burgett*, 40 id., 314; *Hasbrouck* v. *Lounsbury*, 26 id., 598; *Stiles* v. *Howland*, 32 id., 309; *Spraights* v. *Hawley*, 39 id., 441; *Covell* v. *Hill*, 2 Seld., 374; 4 Den., 323; *Rawles* v. *Deshler*, 26 How. Pr., 66; *Ballard* v. *Burgett*, 47 Barb., 646.) Defendant was not a *bona fide* purchaser. (*Spicer* v. *Waters*, 65 Barb., 227; *Robinson* v. *Dauchy*, 3 id., 30; *Hitchcock* v. *Covill*, 23 Wend., 372; *Rosa* v. *Brotherson*, 10 id., 85; *De Mott* v. *Starkey*, 3 Barb. Ch., 403; *Jewett* v.

*Palmer*, 7 J. Ch., 65; *Hagerty* v. *Palmer*, 6 id., 437; *Jackson* v. *Ladwell*, 1 Cow., 622.)

RAPALLO, J.  If there had been any conflict in the evidence respecting the title of the plaintiffs to the piano which rendered it proper to submit that question to the jury, we should, in accordance with the settled practice of this court, dismiss the present appeal.  The case came before the General Term on appeal from an order denying a motion for a new trial upon the minutes, and the reversal of that order by the General Term consequently might have been upon questions of fact.  The case would not, therefore, be properly appealable to this court.  (*Wright* v. *Hunter*, 46 N. Y., 409; *Sands* v. *Crooke*, id., 564.)

But we are of opinion that there was no such question of fact in the case.  The uncontroverted evidence showed a conditional sale only to Jenne, the judgment debtor.  The piano was consigned to him, accompanied with a written instrument stating that it was consigned, and that it was to become his property on payment of the price.  And upon the face of the note, given by him for the price, it was stated that until such note was paid the piano should remain the property of the plaintiffs.  Under such an arrangement the title does not pass to the consignee.  (*Ballard* v. *Burgett*, 40 N. Y., 314; *Herring* v. *Hoppock*, 15 id., 409.)

There was no evidence contradicting or impeaching these documents, or showing that the piano was delivered to Jenne upon any other agreement than that therein expressed.  The fact that Jenne was a dealer in pianos, and that authority was given to him to sell the piano in question, provided he remitted the proceeds immediately to the plaintiffs, or made the sale conditional, and took from the purchaser a note similar to the one he had given, recognizing the ownership of the plaintiffs, did not operate to pass the title to Jenne.  If he sold under this authority, he sold as agent for the plaintiffs.  This authority to sell might have an important bearing upon the rights of a *bona fide* purchaser, to whom he might

have sold and delivered the piano without notice of the limitations upon his authority. But it did not affect the question of the title of Jenne as between him or his creditors and the plaintiffs. The defendant was not a *bona fide* purchaser. He levied on the piano as the property of Jenne, and sold it after being notified of the rights of the plaintiffs, and the character of Jenne's possession. He acquired no rights superior to those of Jenne, who, as has been shown, was not, by the terms of the contract, to become the owner of the piano until his note was paid.

The judge at the Circuit should have directed the jury to render a verdict for the plaintiffs, as requested (*Herring* v. *Hoppock*, 15 N. Y., 409); and the General Term were, therefore, fully justified in granting a new trial on the question of law. The order of the General Term should be affirmed, and judgment absolute rendered for the plaintiffs, with costs.

All concur.

Order affirmed and judgment accordingly.