## LAWRENCE J. FITZGERALD, PLAINTIFF, v. CHARLES FULLER, DEFENDANT.

*Sale of chattels — agreement that title shall not pass until paid for — when bona fide purchaser not affected thereby.*

The plaintiff delivered wagons to one Hughson, not for his use, but that he might sell and deliver them and receive the price thereof, it being agreed, however, that the title of the wagons should not pass to Hughson until he had paid the plaintiff therefor.

*Held,* that the title of a *bona fide* purchaser of the wagons, who had paid full value therefor, and who was ignorant of the secret agreement between the plaintiff and Hughson, was not affected thereby.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the defendant.

This action was brought to recover the value of a wagon alleged to have been converted by the defendant.

On the 25th day of June, 1877, the plaintiff delivered to one K. A. Hughson, twenty wagons, and shipped them to him in four lots, under the provisions of the following written agreement:

"CORTLAND, N. Y., *June* 25, 1877.

"Received of the Cortland Wagon Company, of Cortland, N.Y., twenty wagons of their make. Said wagons to be returned to them within thirty days, at my expense, or to be returned to them upon demand, unless within thirty days from date I shall pay said company for said wagons, at the regular price list of 1877, of said company, less seventy-five dollars discount per wagon. It being expressly agreed and understood that said wagons and the title thereto shall be and remain in said company until they are fully paid for.

"K. A. HUGHSON."

The wagon in question, which was one of the twenty thus delivered to Hughson, under the above contract, had been sold by him to George H. Clark, from whom defendant claimed to hold it as bailee.

*Palmer & Huntington,* for the plaintiff.

*D. A. Johnson,* for the defendant.

BOCKES, J.

The case was given to the jury upon the proper theory for its just disposition.

By the writing given by Hughson to the plaintiff, the wagons were, it is true, to remain the property of the plaintiff until they were fully paid for. It was so expressly agreed in the paper. This would have protected the plaintiff in his property if there were no other understanding between them on the subject, and this would be so, even as against a *bona fide* purchaser from Hughson. (*Cole* v. *Mann,* 62 N. Y., 1; *Austin* v. *Dye,* 46 id., 500; *Ballard* v. *Burgett,* 40 id., 314.) But the jury have found upon sufficient evidence of the facts (1), that the plaintiff contemplated a sale of the wagons by Hughson to third parties and delivered them to him so to be sold; and (2) that the defendant held the position of Clark, who was a *bona fide* purchaser from Hughson for full value. This case is, therefore, entirely different from those above cited; and with this difference, the learned judge was correct in saying that the secret agreement in regard to the title remaining in the plaintiff until the property was paid for, was of no importance. Judge GROVER, in *Ballard* v. *Burgett* (*supra*), when examining this subject, placed stress upon the fact of a contemplated use and enjoyment of the property by the party entrusted with it, until he should make payment. So, in *Cole* v. *Mann* (*supra*) Judge RAPALLO, when speaking of a case like this, where the property was delivered with authority to sell, or with an understanding that the party might sell, says, that this authority to sell might have an important bearing upon the rights of a *bona fide* purchaser to whom a sale and delivery should be made without notice of the limitations upon the vendor. In the case now under examination, there existed (giving effect to the verdict of the jury) just the distinction marked by Judge GROVER and Judge RAPALLO, above noted. It was not intended that Hughson should retain the use and enjoyment of the property until the plaintiff was paid; on the contrary, it was understood

that he might sell the property, deliver it, and receive pay for it from the purchaser, and this is what he did do, as regards the wagon, for which the recovery here was claimed. The purchaser had no notice of the limitation imposed upon Hughson in the agreement between the latter and the plaintiff, but bought in good faith, received delivery of the property, and paid full consideration. Therefore, in view of the just rule of law suggested by the learned judges, and above referred to, the jury in this case were properly instructed, that if a man, owning property, delivers it to a third person, and sends him forth to sell it, and to receive pay for it, no secret agreement between the former and him can affect the right and title acquired by a purchaser from him, who buys in good faith, without notice of their agreement, and pays full consideration. In such case the purchaser will be protected against the claim of the original owner. This should be so upon the plainest principle of justice and right action. To allow the owner of property to send his agent abroad to sell it, and to receive pay for it, with the purpose of reclaiming it from the purchaser in case the agent should not make return of the proceeds of sale, the purchaser having no notice of his intention to reclaim, would, if he should be allowed to succeed in his purpose against the purchaser, work a gross fraud upon the latter. The law will not tolerate so great injustice.

The case was tried, on the part of the plaintiff, upon the mistaken theory that the latter would be protected in his property under his agreement with Hughson until he was fully paid for it; even as against the claim of a *bona fide* purchaser from Hughson: notwithstanding it was understood between the latter and the plaintiff that he might sell it, deliver it to the purchaser, and receive pay for it. The exceptions to the charge of the judge interposed by the plaintiff's counsel, and the propositions embraced in the several requests to charge, were based upon the correctness of this theory. This theory, we have seen, is not sound in law, hence the exceptions to the charge, and to the refusals to charge as requested, present no good ground of error. The rights of the plaintiff were fully recognized in that branch of the charge, wherein, after stating the rule of law above considered, the learned judge said: "If you find, on the other hand, that it was the

agreement and understanding that these wagons were to be held by Hughson for thirty days, and not to be sold until he had paid for them, and that Hughson, without the knowledge and consent of the plaintiff, scattered them, then, and in that case, the plaintiff will be entitled to recover." This was a full, clear and just presentation of the question to the jury, with a view to the protection of the plaintiff's rights.

It cannot be maintained that there was no evidence in the case on which the proposition challenged by the plaintiff's counsel could rest. The evidence tended to show, and I concur with the jury in the opinion, that it did very manifestly show that the wagons were delivered by the plaintiff to Hughson, not for his own use, but that he should sell them, deliver them to purchasers and receive pay for them; and, further, that Clark bought the wagon in suit in good faith, without notice of the agreement between the plaintiff and Hughson, and paid full value for it. The verdict is well supported by the evidence.

It is urged that the court erred in excluding evidence that the firm of Freeman & Farley was insolvent. This firm had purchased wagons of Hughson and had given the firm notes for them. It stood proved that the notes remained unpaid. This fact was not disputed, and this was all that could be of importance in the case.

It is also urged that there was error in excluding the evidence that the notes taken by Hughson on sales were made payable to the plaintiff. This proposed proof was wholly immaterial in this action.

It is further urged that the questions to the plaintiff, " Did you expect to have to retake them ? " and " Did you expect Mr. Hughson would sell them ? " (referring to the wagons delivered to Hughson) were improper. To the first question the witness answered, " I don't know," and no answer was given to the second. There was nothing harmful either in the questions or the answer. Besides, there was no exception taken to either question or answer. The record discloses no ground of error.

It seems that, at the close of the trial, an order was made that the case and exceptions be heard in the first instance, at General Term. Regarding this as the condition of the case, the order should now be, that the motion for a new trial, on the case and

exceptions, be denied; and that the defendant have judgment on the verdict, with costs. But it appears that judgment was, in fact, entered; and an appeal was taken from the judgment.

The order then should therefore now be, motion for a new trial, on the case and exceptions, denied, and judgment affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.