By the Court.—Sedgwick, Ch. J.
Appellants counsel takes the position, that what occurred between, the parties on February 14, 1880, which he claims substituted a February shipment for the December or-January shipment called for by the written contract,.' was merely an extension of the time for the performance of the contract. It is not claimed that this extension of time, so called, was a part of a legal agreement, having its own consideration, and either entirely separate from the written agreement or by implication embodying the terms of the written contract. If either - were the case, it could not be enforced, as it would be void under the statute of frauds. All its terms would not be in writing.
It must be kept in mind that the conversation between the parties, on this point, was in February, whem the possibility of the plaintiff performing his written. *255 contract-, by making a January shipment, had passed. All executory obligations had ended. The plaintiff' was not then bound to accept any delivery. There was, in fact, no contract existing, and therefore none that could be performed, and the time for performance of which could be extended. To create a new obligation on the part of the plaintiff, to accept any iron from the defendant, it was-necessary that a new contract should be made. It is clear, that any new oral contract would be invalid under the statute of frauds.
But it is supposed that there was some obligation, the time to perform which could be extended. It must be kept in mind, that the so-called extension was not given for any consideration, and that it was made after the time of performance had passed. A scrutiny of the cases cited by counsel for appellant, will disclose the importance of these things.
The counsel has argued that at the time the defendants said he would take the later shipment of February, it did not appear but that the plaintiff might have procured and tendered a December or January shipment, if the defendants had not said they would receive the later shipment. The plaintiff was bound to prove performance or waiver of performance. The former was not proved. The latter could be proved only by showing affirmatively that the defendants prevented performance or led defendant not to perform. The burden of proof then was upon plaintiff to show, that they could have tendered a December or January shipment.
In Keating v. Price (1 Johns. Cas. 22), the extension of time was effected by a parol, probably an oral, agreement, which implies a consideration. In Miller v. Holbrook (1 Wend. 318), the defense to an action on a. promissory note, was that, before the maturity of the note, plaintiff agreed to extend time of payment, in consideration of defendant’s agreeing to pay $200 when *256 the note should fall due, and giving a note for balance. There was judgment for plaintiff. The court said that the exceptions were frivolous; that in Keating v. Price, the defendant was allowed to avail himself of an agreement such as- was set up, but it was to be presumed that in that case, it appeared that the promise to enlarge the time was founded upon a good and sufficient consideration.
In Fleming v. Gilbert (3 Johns. 520), the condition of the bond was that by the first of January next, the defendant should deliver to plaintiff a specified bond and mortgage, and procure the same to be discharged from record. Before the first of January, the defendant tendered the bond and mortgage, and offered to do any act which the plaintiff might require for the discharge. The plaintiff not knowing what act was, necessary, agreed that defendant might deposit the bond and mortgage with a third person, and he himself would deposit defendant’s bond with same person. The obligations were to be delivered to the parties respectively, as soon as the defendant should perform such further direction relative to the discharge of the mortgage as the plaintiff should give to the third person. The defendant deposited the bond and mortgage, as agreed upon, but the plaintiff did not deposit defendant’s bond, or give any further directions as to the bond and mortgage. The court, in holding that the plaintiff was not entitled to recover, distinguished, in effect, the contract or bond, from its performance. What was or was not performance, was a question of law and fact. The opinion was, “ that a tender and refusal or waiver (which must always rest in parol), is equivalent to actual performance,” and “ that the plaintiff’s conduct can be viewed in no other light, than as a waiver of a compliance with the condition of the bond, so far as it related to a discharge of the mortgage on record.” In connection with this, it is said, “it is a sound prin *257 ciple, that he who prevents a thing being done, shall not avail himself of the non-performance he has occasioned. Had not the plaintiff dispensed with a further compliance with the condition of the bond, it is probable that the defendant would have taken measures to ascertain what steps were necessary to get the mortgage discharged of record, and would have literally complied with the conditions of the bond.” And I think the facts of the cited case suggest a consideration that is pertinent to all cases that involve what is termed an extension of time of performance. When a party bound to perform, appears at the time and place fixed by the contract, and by consent of parties the matter goes over to a future day, and then the party bound is ready to proceed, there seems to be no necessity of considering the first day and the adjourned day,-as being two and different times, within the meaning of the contract.
As a matter of fact, the distinction between days, as to difference in time, is the same as between hours and minutes. Performance cannot be instantaneous. It may necessarily be protracted beyond the day when it was begun. The important thing is, that the proceeding be continuous. This, it may really and practically be, though an hour intervene for convenience, or a night from necessity, or days by consent. A comparison of the fact under such circumstances, with the terms of the contract, may show whether this was performance in due time, as well as when the matter did not pass beyond the day named in the contract.
In the case at bar, the time for performance having passed, there was no waiver by the defendant of his right to a December or January shipment. Performance was not tendered by plaintiff, nor was he led by anything said or done by defendant to omit to do what would have been performance in whole or in part.
*258 In Frost v. Everett (5 Cow. 498), it was held that an oral agreement, made contemporaneously with the making of a note, to extend the time of the latter, did not enlarge its time of payment, because it was not a subsequent agreement. The court did not expressly or impliedly hold that a subsequent agreement not founded upon a new consideration, would enlarge the time, nor that a subsequent oral agreement could extend the time of performance of a contract that must under the statute of frauds, be evidenced by writing.
The principle of Mayor v. Butler (1 Barb. 337), so far as it affects this case, is comprised in the propositions “that no party can insist upon a condition precedent, when its non-performance has been caused by himself.” “It in effect amounts to a waiver.”
In Esmond v. Van Benschoten (12 Barb. 368), the agreement under seal named April 1, for the time of its performance, but no place. After its execution, the parties orally agreed to meet at a certain office, to perform the contract. On April 1, the parties met. The plaintiff was ready to perform on his part. The defendant was not, and asked an extension, and subsequently another extension to April 6. These extensions were in writing, not sealed, on the original agreement. The plaintiff on April 6 attended at the place named, and the defendant not attending, the plaintiff produced all the instruments he was bound to deliver, and offered to perform on his part. The plaintiff, it was held, was entitled to recover. The exact objections' made by the defendant are not stated. The court held, citing Franchot v. Leach (5 Cow. 506), that it was competent for the parties orally to appoint a place for performance. Clearly, this did not infringe the rule against varying by oral arrangements the terms of an agreement, sealed or not sealed. The place not being named, the general rules of law determined it. The general rule was, that the party seeking to perform was *259 bound to find the other party or sufficiently excuse himself for not so doing. And the law held that this duty was performed by repairing to the place named for the purpose by the other party.
As to the extension of time, Esmond v. Van Bensehoten gives no support to the plaintiff’s claim here, under the particular circumstances. Esmond was ready to perform at the time named in the contract. His tender of performance was prevented by the request of the defendant until the day when he did tender. The plaintiff did, in fact, all the law required as to performance ,of the contract, unaltered and unmodified. Judge Willaed cited Fleming v. Gilbert, and Mayor v. Butler (supra); Hasbrouck v. Tappan (15 Johns. 200) and Dearborne v. Cross (7 Cow. 48), and said : “ The defendant having solicited the delay, cannot urge it as a defense.”
In citing Hasbrouck v. Tappen, there seems to be an incorrect view of the facts, which it is not important to correct now. In Hasbrouck v. Tappen (15 Johns. 200), the plaintiff had been always ready to perform his part of a covenant, by which the defendant was to convey real estate to him free from incumbrances, but had consented, at defendant’s request, that he should have further time to deliver the deed. At that time, the defendant tendered the deed, but plaintiff refused to accept it, on the ground that there were incumbrances. The covenant contained a provision for the payment of liquidated damages. Apparently the exact question in the case was, whether the extensions of the time operated to make a new agreement, in such a sense that the provision for liquidated damages in the original covenant was abandoned. Judge Thompson said: “Even admitting that an agreement to extend the time of performance would be a waiver of the stipulated damages, there was not, in fact, any such agreement . . . All that the plaintiff ever said, *260 as to the extension of time, was, that if the defendant would perform, his contract, he would take no advantage of its not being done on the precise day. This could not be called an agreement to extend the time. No day was fixed to which the performance was postponed, and it would be a violent and unnatural construction of the plaintiff’s conduct, to consider it as intended to waive his covenant and enter into a new agreement, especially as such parol agreement would be void under the statute of frauds. If this is to be considered a new agreement, which in any manner affects the covenant, the plaintiff’s whole remedy is gone. ■. , . An agreement absolutely void can never be considered as altering, revoking or modifying a valid contract. In all the cases referred to, where the term had been extended, the subject-matter was such as might be embraced by a parol agreement, and the parties have been driven to the new contract. . . . ” It is to be noted that he further said that the “ mere extension of time, is not a waiver of anything.” By this was meant, that it was not a waiver of any other stipulation than such as referred to time.
In Dearborne v. Cross (7 Cow. 48), the defendants had given several notes, on one of which the action was brought. These notes had been given as consideration for a bond, made by plaintiff, which was conditioned' that the plaintiff should give a conveyance of certain real estate to the defendant. The defense was, that in pursuance of an oral agreement between the parties, the defendant had delivered his possession of the premises to the plaintiff, who, after his re-entry, had sold them to a third party. It was orally agreed to rescind the bond, but it had never been delivered up or canceled. At the trial, this defense was overruled, upon the ground that the contract could not be rescinded by parol agreement. On review, it was held, that the evidence showed not only an executory agree *261 ment to rescind the bond, but one executed and carried into effect, and that independently of the agreement, a rescinding of the bond would be presumed. The conclusion was, that the consideration of the notes had failed. Incidentally, the court said that the time for performance of a sealed or simple contract might be enlarged by parol, and “ that, indeed, the enlargement of the time is nothing more than a waiver of strict performance,” of course meaning performance as to time. This case is no guide as to the necessary concomitants of a valid extension of time. The point in view was the effect of acts, or an executed parol agreement, upon the rescinding of a sealed contract.
In Clark v. Dales (20 Barb. 45), I do not see that it was claimed by the defendant that it was not competent to extend the time of performance of a written, contract by the kind of means that were shown in the case. The claim was, that the evidence did not show that the time was extended. The contract was written, and was for the delivery of flour by defendant to plaintiff. The judge, at trial, found that the time for the delivery of the flour was extended by the agreement of the parties in writing until October 1, and that it was extended at the sole request of the defendant. The first request for time was made, and extension of time began, before the day for delivery named in the original contract. The court, however, relied upon considerations that do not sustain the" present plaintiff’s position. It said, “ nor is a new consideration necessary to give validity to an agreement to extend the time ; the waiver is enough for that purpose.” That meant a waiver of exacting timely performance at a period when timely performance is possible. After that, as in this case, there is nothing to waive. The court further proceeded to say what, if correct, is fatal to a recovery here. “The effect of such enlargement is to substitute or adopt the extended time for the *262 time specified in the original contract. It then stands as a new agreement, wherein the mutual promises furnish a new consideration (citing Evans v. Thompson, 5 East, 189; Hasbrouck v. Tappen, 15 Johns. 200). It is a new agreement substituted for the former one, by which the parties agree in all respects as formerly, except as to the time of performance, which they then fix for a future period, and it is under the new substituted agreement that redress must be sought in case either should fail or refuse to perform.” If in this case, a new and substituted agreement were the basis of the claim, then, as it related to the sale of the one hundred tons of iron, it would not be capable of proof under the statute of frauds.
In Stone v. Sprague (20 Barb. 509), the agreement under seal was, that plaintiff should convey certain real estate to defendant, and as consideration the defendant should pay plaintiff a sum of money, the time for performance being fixed for April 9, and the defendant was in the meantime to go into possession. On April 8, the defendant saw the plaintiff, and having the money, which he would be bound to pay the next day, asked the plaintiff if he would receive it and give a deed. He said he would not. On the same day, the plaintiff signed an extension of all the conditions of payment, etc., and on the adjourned day of the extension, a second extension to May 15. Both extensions were indorsed on the original agreement, but not sealed. A few days before May 15, defendant’s agent again offered to pay, but plaintiff declined to receive the consideration. On the trial, the defendant offered to prove that at the same time the plaintiff said that he would not take advantage of the expiration of the contract, and that the lapse of a few days would make no difference. This offer was objected to and overruled by the court, on the ground that the agreement was by parol. On appeal the court held that the offer should *263 have been, received on the ground stated in cases that have been examined, that the arrangement was a waiver of strict performance as to time ; that the omission to perform at the time was caused by plaintiff, and, therefore, he could take no advantage of it.
At the same term, French v. New (20 Barb. 482) was decided', and the court cited the cases relied on in Stone v. Sprague, to support the proposition that parties having by their bonds of submission to arbitration, required the award to be in writing, might waive that requirement orally and receive a verbal award, which would be binding. The court said that the parties had prevented, had waived a written award. The court of appeals, reviewing the case (28 N. Y. 147), said what is, in some respects, pertinent to one aspect of the present case: “ The verbal agreement of the parties that the award should not be in writing and that they would abide by a verbal award, had the effect to change the submission from one under seal to a mere verbal one, because the verbal agreement was acted upon, and that under seal was abandoned. The verbal award, therefore, was not valid, unless a verbal submission of the matters on which the award was made was binding upon the parties.” And then the court stated that the doctrine of estoppel was not applicable. “ The fact that the plaintiff prevented the arbitrators from making a valid award, does not deprive him of the right to show the invalidity of the one they did make. The legal presumption is that the defendant knew a verbal award would not be binding, but believed, notwithstanding that fact, that the plaintiff would abide by such a one.”
In my judgment, Friess v. Rider (24 N. Y. 367) has no authoritative relation to the matter now in view. It was an action for damages by a party who had agreed to convey real estate to the defendant, for money to be paid by the defendant. The contract was to be per *264 formed April 2. The opinion says, that “on that day the plaintiff was in default, on the day named in the contract, and the defendant being then ready and offering to perform on his part, might have had his action against the plaintiff without a formal tender of the money.” But at the plaintiff’s request, the performance was orally postponed to April 3, at one o’clock, at a place named. On that day, the defendant was at the place at the hour of one o’clock, ready to perform on his part, and the plaintiff not being' there, the defendant tarried until three o’clock and then left. At four o’clock, the plaintiff found the defendant and made a tender of performance, which was rejected by defendant. The court of appeals held that the plaintiff had no action. The opinion was, that “the agreement was not for an enlargement of the time until one o’clock of the next day, or such other time as should suit the convenience of either party.” Upon this being determined, under the facts, it was not necessary to decide whether the enlargement of time was valid and binding between the parties. If it were not, the plaintiff would not have an action, because he was in default at the time fixed by the contract. The remarks of the court as to the possibility of legally extending time by consent given orally, were based upon "the cases that have already been examined, and do not remove any limitations that are placed by those cases and their facts.
In Blanchard v. Trim (38 N. Y. 225), the general effect of the case as to the application of the statute of frauds, rather favors the defendant’s position in this case. The remark of the court that it is suggested is pertinent here, was made as to a state of facts not before the court. It was, “that the terms of payment by Calkins to Blanchard could have been modified at the pleasure of the parties and the original sale would have furnished a sufficient consideration for such ar *265 rangement.” The sale referred to had not been evidenced by writing, but the lumber sold, and the note given for its price, had been exchanged. The remark, however, has a most general import, and its meaning must be taken with many implied reservations.
In Erwin v. Saunders (1 Cow. 249), Judge Sutherland said the rule that written agreements are not to be varied by oral testimony, does not exclude oral evidence of the enlargement of the time for performance or a waiver of the performance of a written contract. There was no decision as to what was necessary to a valid oral consent to enlarge, or to a waiver, for he held that what was set up in the case for that purpose was neither, but was an entirely different contract from the written instrument, and made contemporaneously with it. He said that if the oral agreement had been made after the giving of the note, it would, perhaps, have been valid. He must have meant also, if the oral agreement were made before, or at the time of performance and not after it, because his reason was that the oral agreement ought to be regarded as a valid parol waiver of performance. The learned judge did not overlook that, in the absence of a waiver of performance, any oral agreement, to affect a prior contract, must be based upon a valuable consideration, for that was declared in his citation of the case of House v. Graham (3 Camp. 57).
There are many other reported cases in this State which are relevant to the position taken, but it is not necessary to go beyond those that have been relied upon by the learned counsel for the appellant. Beyond doubt he would have cited any that were of importance.
Hone of the cases uphold the validity of an arrangement made after time of performance has passed, for the contract being performed at a different time from that named in the contract unless a new agreement is *266 made upon consideration. The party consenting to it cannot be said to waive strict performance or any condition precedent, or to have led the other party to omit to do anything which could have given him a cause of action. On the contrary, after time of performance the question is, has the party not in default a right of action, and then, if he have, what is sufficient in law to extinguish that. Clearly, his request, much less his consent, that the other party deliver goods, the same or not as those bargained for originally, upon the promise of the other party to deliver, unless the arrangement be carried out, does not extinguish the cause of action. It may be in cases of sales to arrive that the vendee can have no cause of action, but the same observations are pertinent if he be under no obligation to receive. A new contract is necessary for new obligations.
The case of Parmelee v. Thompson (45 N. Y. 58), should be cited. In the action on a promissory note, the defense was that while the payee held the note, he brought an action upon it, and it was agreed between him and defendant that the suit should be discontinued, the defendant pay the costs of the action, and that defendant should have until the month of December to pay, but that the new action was brought before December. The court of appeals held that there was no consideration for the promise to delay time of payment, and said : “It is competent for the parties, by a parol agreement, to enlarge the time of performance of a simple contract, and the time of payment of the note in suit might have been extended by such- agreement made upon a sufficient consideration (Keating v. Price, 1 Johns. Cas. 22; Miller v. Holbrook, 1 Wend. 317). But a promise to extend the time of payment, unless founded upon a good consideration, is void ” (Underwood v. Farmer’ I. S. Co., 57 N. Y. 500; Ripley v. Etna Ins. Co. 30 N. Y. 164).
*267 The appeal has been viewed as if the arrangement of February 14 referred only to the time of performance specified by the original contract. My opinion is that it referred to another term, viz., the goods that were to be delivered. Its effect would have been to substitute another parcel of iron than that originally agreed upon by the parties. If this be so, I understand that there is no dispute that the statute of frauds is to be applied.
Judgment affirmed, with costs.
Arnoux, J., concurred.