By the Court.—Horace Russell, J.
—[After stating the facts as above.]—The decision below was put entirely upon the technical ground that the plaintiffs were not entitled to the right of possession as between them and Mrs. Schoenrock, and, therefore were. not in position to maintain an action against a wrongdoer for the conversion of property of which they were the general owners.
1 cannot agree to either branch of the proposition.
1. That the plaintiffs were the general owners of the property, there can be no question. The validity of agreements of lease and conditional sale, such as the one before us, has several times been under consideration by the courts' of last resort and everywhere recognized and upheld (Cole v. Mann, 62 N. Y. 1; Bean v. Edge, 84 Id. 510 ; Coman v. Larkey, 80 Id. 345; Ballard v. Burgett, 40 Id. 315; Austin v. Dye, 46 Id. 500).
In these cases the’title of the vendor, under agreements like the one before us, was held to be good as against bona fide purchasers for value. It would, then, certainly have been so as against a tort feasor.
I think the plaintiffs were entitled, even as between them and Mrs. Schoenrock, to the possession of the property, and that, if they were not, while they might not have been able to maintain the action of trover, under the old forms of pleading, they would have been able to maintain case.
The complaint complies with the rule established by the Code by stating the facts, and while it follows more particularly the old declaration in trover- it would, I think, have been good for trover, trespass, or case, and, except in its prayer for relief, for detinue and replevin. The old form» of pleading having been abolished, if the complaint and the proof given in its support entitled the plaintiffs to any relief, it should not have been dismissed. The extent of the old cases was, that while a general owner not entitled to *47 possession could not maintain trover as against a wrongdoer, he could maintain case and recover as damages the value of his reversionary interest in the property (Gordon v. Harper, 7 Term R. 913; S. C., 2 Esp. 465; Hall v. Pickard, 3 Camp. 186; Golightly v. Ryn, Lofft. 89; Corfield v. Coryell, 4 Wash. C. C. 371; Fairbanks v. Phelps, 22 Pick.; Billings v. Tucker, 6 Gray, 368 ; Ayer v. Bartlett, 9 Pick. 156.; Forbes v. Parkhurst, 16 Id. 492).
In Ayer v. Bartlett, a well-considered case, which was twice before the supreme court of Massachusetts (6 Pick. 71; 9 Id. 156), A. sold a factory and machinery to S. upon an agreement that A. should continue the owner until S. paid certain promissory notes given for the purchase price, S., in the meantime, to have possession. Before the first note became due. the machinery was attached as S.’s property. A. brought an action against the officer containing declarations in trover and case. It was held that, although trover could not be maintained, case might be for the injury to A.’s reversionary interest, and that the measure of damages was the value of the property as it stood in the factory before removal.
So, a mortgagee may bring case against a person taking property on process from the possession of a mortgagor in possession, although the mortgage debt was not due at the time of such seizure, and in such an action may recover the value of his interest (Fairbanks v. Bloomfield, 5 Duer, 434).
2. But I think the plaintiffs were entitled to the possesssion of the property, even as against Mrs. Schoenrock.
By the terms of the first contract between them, dated November 19, 1878, she was to pay $150 down at the time the goods were delivered to her, and $50 a month thereafter at their office, on the first day of each month consecutively, and, in the event of her failure to make payments in accordance with that stipulation, the right of possession of the furniture was thereupon to revest in the plaintiffs. The evidence is, that Mrs. Schoenrock paid to the plaintiffs only $145 at the time the agreement was made; $50, January 17, *48 1879 ; $100, April 4, 1879 ; $25, May 2, 1879—in all, $320, on account of the first contract, and nothing upon the second.
On her agreement with Spencer she paid $50 at the time the agreement was made ; $25, April 4, 1879. Clearly, then, Mrs. Schoenrock was in default, and the plaintiffs, and Spencer, their assignor, were, for that reason, entitled to possession of their property unless they did something amounting to a waiver of that right and continuing to operate as such at the time this action was brought. So far as Spencer is concerned, the only evidence is, that he “allowed the matter to run along different from the agreement,” from which we might infer that he received the $25 paid by Mrs. Schoenrock, April 4, 1879, without acting upon his right to take possession upon default. The plaintiffs apparently did the same thing, and, in addition, told Mrs.' Schoenrock when she was about to go to Europe, that that they would wait for further payments on her contracts until she got back.
A mere extension of time is not a waiver of ’ anything. (Thompson, Ch. J., in Peterson v. Clark, 15 Johns. 204; see also Evans v. Thompson, 5 East. 193).
‘ A waiver to be operative must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting upon performance of the contract or forfeiture of condition” (Mullin, J., in Ripley v. Ætna Ins. Co., 30 N. Y. 164—quoted, with approval, as the “true rule” by Earle, J., in Underwood v. Farmers’ Joint Stock Ins. Co., 57 N. Y. 506).
It can scarcely be claimed that there, was any new consideration moving from Mrs. Schoenrock to Spencer after her last payment to him. The receipt of $25 on April 4, by Spencer, long after it was due, cannot be regarded as such an act as should estop him from insisting upon forfeiture (Gardner v. Clark, 21 N. Y. 399, 404).
There can be no doubt whatever, then, that Spencer was entitled to take possession not only when he made an as *49 signment of his claim to the plaintiffs, but'even at the time Mrs. Schoenrock went to Europe. The position of the plaintiffs as to the goods delivered by them to Mrs. Schoenrock differed from that of Spencer only by reason of the fact that they promised her not to ask further payments until'her return from Europe. She was then in default to them. There was no consideration for this promise. It was a mere promise to extend time, not binding in law either as a promise or as a waiver, so far as previous defaults were concerned. It was binding as a waiver by way of estoppel, so far as future defaults were. concerned, but the plaintiffs had the right to take possession at that time for the defaults which had already occurred, under the decisions I have quoted.
But, assuming that the plaintiffs legally waived their right until Mrs. Schoenrock returned from Europe, that waiver expired by its own limitation before this action was brought. The terms of the contract required Mrs. Schoenrock to make payment on certain days at the office of the plaintiffs. The extension affected only the time, not the place or manner of payment.
It cannot be still further extended by the court altering place and manner, and requiring plaintiffs to seek her out and make demand. The event by which they had fixed a new limitation of time had transpired. She had returned from Europe. The extension was thereby terminated, and no demand was necessary (Stacy v. Graham, 14 N. Y. 492; Bruce v. Tilson, 25 Id. 194; Adams v. Fort Plain Bank, 36 Id. 255; Mygatt v. Wilcox, 45 Id. 306; Foot v. Farrington, 41 Id. 164).
The exceptions should be sustained and a new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., and Freedman, J., concurred.