By the Court.
Truax, J.
This action was brought to recover the possession of 64,400 cigars. The property was taken by the defendant, as sheriff, as the property of one Hermanee on an attachment against said Hermanee. The plaintiff claimed that the property taken was not the property of said Hermanee; that it was his, the plaintiff’s property, and had been consigned by him to the said Hermanee for sale.
The- trial judge in a charge, to which there were no exceptions, left it to the jury to determine in whom the title to the cigars was; and the jury by their verdict determined that it was in the plaintiff. There was evidence to support this finding, and it wifi not be disturbed unless there is error in the refusal of the court to charge as requested by the defendant, or unless there is error in the court’s refusal to dismiss the complaint. The refusal *472 to dismiss, and the refusals to charge as requested present the same points of law.
. The learned counsel for the defendant, at the close of plaintiff’s case, moved to dismiss the complaint on the ground that the proof established not an agency on the part of Hermanee, but an absolute sale to him, and that consequently the goods were liable to be seized by the sheriff under a warrant of attachment against Hermanee. This motion was denied and the defendant duly excepted. He also, at the close of the case, requested the court to charge that if Hermanee to whom the goods were consigned was at liberty to sell them at any price he liked, and received payment at anytime he liked, and was only bound, if he sold the goods, to pay the consignor for them at a fixed price at a fixed time, then, whatever the parties may have intended, their relation is not that of principal and agent, consignor and commission merchant, but the alleged agent is making on his own account, a purchase from his alleged principal, and is again re-selling.
He also requested the court to charge that when a person is at liberty to sell goods sent to him at any price he likes, and receive payment at any time, he to pay the consignor for them at a price fixed beforehand, it is a sale ; but if there be a right to return, then it is known as a sale or return.
He also requested the court to charge that in all cases of sale or return, the property vests in the purchaser from delivery, with the right to divest himself by a return, but until such return, or an attempt to return the property, the title is in the person to whom sent.
He also requested the court to charge that having sent the invoices and bills of lading to Hermanee without reservation, the property passed, and Soria lost all rights save stoppage in transitu, and when goods came into Hermance’s possession, and they all came into his possession, then the right of stoppage in transitu was at an end.
The court refused to charge each one of these requests and to each refusal the defendant duly excepted.
*473 It was not error to refuse to charge the last request, because the evidence does not conclusively show that the plaintiff had sent the invoices and bills of lading to Hermanee without reservation.
It was not error to refuse to charge the next to the last request, because it was not conclusively established by the evidence that this was a case of sale with a right to return the property.
Under the agreement between the plaintiff and Hermanee the latter was to sell the goods which plaintiff had consigned to him at any price he saw fit, but was to pay for them at a price fixed at the time of the consignment. By this agreement the property never became the property of the defendant. He simply was entitled to the possession of the property as the plaintiff’s agent until its sale. His commission for selling the property was the price he received for the property over the price fixed upon at the time of the consignment.
It was never intended in the transactions between the plaintiff and Hermanee that the cigars should ever become the property of Hermanee. The goods were sent to him “ to. be sold through ” him, and he was to remit the money for the cigars on the 1st and 15th of each month. But this arrangement did not contemplate a sale to Hermanee. He was to remit only after he had sold the cigars to some one. Until he had sold them plaintiff remained the real owner, and as the defendant was not a bona fide purchaser for value, he acquired no title to, or right of possession in the property by virtue of his levjunder the attachment against Hermanee (Cole v. Mann, 62 N. Y. 1). The only way that Hermanee could give good title to the property was by selling it. For this reason it was not error to deny the motion to dismiss, or to refuse to charge the first two requests (Moore v. Dykes, 37 Hun, 491 and cases there cited).
The damages allowed by the jury were not excessive. The plaintiff claimed in his complaint that the cigars were worth §3,237.40. The witness Hermanee placed the same *474 value upon them. The court charged the jury that they were to find the value of the goods at the time of the taking. To this charge there was no exception. The jury found this value to be $3,090, and there is some evidence to sustain the finding. The questions as to the form of the verdict and the judgment were determined against defendant on the former appeal (page 52, ante).
The judgment and order appealed from are affirmed, with costs.
O’Gorman, J., concurred.